[Cite as *State v. Battle*, 2022-Ohio-2444.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| CLIFTON BATTLE, JR. | : | Case No. 2022-CA-0002 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. 2021-CR-0556




JUDGMENT:                        Reversed, Plea Vacated, Remanded




DATE OF JUDGMENT:                July 14, 2022




APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JODIE SCHUMACHER                          TODD BARSTOW
30 South Park Street                      261 West Johnstown Road
Second Floor                              Suite 204
Mansfield, OH  44902                      Columbus, OH  43230

*Wise, Earle, P.J.*

{¶ 1}  Defendant-Appellant, Clifton Battle, Jr., appeals his December 10, 2021 conviction in the Court of Common Pleas of Richland County, Ohio.  Plaintiff-Appellee is state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}  On August 5, 2021, the Richland County Grand Jury indicted appellant on one count of having weapons while under disability in violation of R.C. 2923.13.  On September 29, 2021, appellant pled guilty to the charge.  The parties agreed to a joint recommendation of community control.  A sentencing hearing was held on November 24, 2021.  At that time, it was discovered that appellant was on postrelease control and had an active parole holder.  By sentencing entry filed December 10, 2021, the trial court rejected the joint recommendation and sentenced appellant to twelve months in prison, to be served consecutively to a judicial sanction of 1,145 days for violating postrelease control.

{¶ 3}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 4}  "MR. BATTLE DID NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTER HIS PLEA OF GUILTY, IN VIOLATION OF HIS RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION SIXTEEN OF THE OHIO CONSTITUTION."

I

{¶ 5}   In his sole assignment of error, appellant claims his guilty plea was not knowingly, intelligently, and voluntarily made.  We agree.

{¶ 6}   "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily.   Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle,* 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Crim.R. 11 governs rights upon plea.  Subsection (C)(2) states the following:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 7}   The standard for a trial court's Crim.R. 11 non-constitutional notifications under (C)(2)(a) and (b) is substantial compliance; the standard for Crim.R. 11(C)(2)(c) constitutional notifications is strict compliance.  *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621.  In *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), the Supreme Court of Ohio explained the following:

Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.  *Stewart* [*State v.,* 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977)]*, supra; State v. Carter* (1979), 60 Ohio St.2d 34, 38, 14 O.O.3d 199, 201, 396 N.E.2d 757, 760, certiorari denied (1980), 445 U.S. 953, 100 S.Ct. 1605, 63 L.Ed.2d 789.  Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect.  *Stewart, supra,* 51 Ohio St.2d at 93, 5 O.O.3d at 56, 364 N.E.2d at 1167; Crim.R. 52(A).  The test is whether the plea would have otherwise been made.  *Id.*

{¶ 8}   However, in *State v. Bishop,* 156 Ohio St.3d 156, 2018-Ohio-5132, the Supreme Court of Ohio reviewed a case similar to the case sub judice.  In *Bishop,* the defendant was on postrelease control when he pled guilty to drug related charges.  During the Crim.R. 11 plea colloquy, the trial court failed to advise the defendant "the court would have the authority under R.C. 2929.141 to terminate Bishop's existing postrelease control and impose a prison term that he would serve consecutively to the term of imprisonment imposed for the possession offense."  *Id.* at ¶ 3.  The *Bishop* court looked to the language of R.C. 2929.141(A)(1) which states, "[u]pon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control" and impose a consecutive prison term for the post-release control violation.  The *Bishop* court at ¶ 17 held:

> Sentences imposed under R.C. 2929.141(A) cannot stand alone. The court may impose the sentence only upon a conviction for or plea of guilty to a new felony, making the sentence for committing a new felony while on postrelease control and that for the new felony itself inextricably intertwined.  By any fair reading of Crim.R. 11(C)(2), the potential R.C. 2929.141(A) sentence was part of the "maximum penalty involved" in this case.

{¶ 9}   Because the trial court failed to so advise the defendant, the defendant did not have to show prejudice by claiming "he would not have entered the guilty plea if he

had known that the trial court could terminate his existing postrelease control and convert it into additional prison time." *Id.* at ¶ 18. The *Bishop* court found by completely failing to comply with Crim.R. 11(C)(1)(a), "the plea must be vacated." *Id.* at ¶ 19. "A complete failure to comply with the rule does not implicate an analysis of prejudice." *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22.

{¶ 10} In reviewing the Crim.R. 11 plea colloquy during the September 29, 2021 plea hearing, the trial court clearly did not advise appellant of the possibility of terminating postrelease control and imposing a consecutive sentence for the violation; therefore, the plea must be vacated. *See State v. Baker,* 5th Dist. Ashland No. 20 COA 011, 2020-Ohio-4199, ¶ 21.

{¶ 11} Apparently, no one realized appellant was on postrelease control until the sentencing hearing. Appellee argues the issue was discussed during the sentencing hearing and defense counsel indicated appellant did not want to withdraw his plea. November 24, 2021 T. at 3-4, 14. Therefore, appellee argues appellant's claim that he suffered prejudice is meritless.

{¶ 12} Appellant was not required to show prejudice. The trial court was required to inform appellant of the maximum penalty involved during the *plea hearing* so appellant could make an informed decision, but the trial court failed to do so. The trial court did not conduct a supplemental Crim.R. 11 plea colloquy during the sentencing hearing to address the issue with appellant. Defense counsel argued on appellant's behalf, but the trial court did not engage with appellant except to ask him if he had anything to say to which appellant responded in the negative. *Id.* at 7.

{¶ 13} Upon review, we find appellant's plea was not knowingly, intelligently, and voluntarily made.

{¶ 14} The sole assignment of error is granted.

{¶ 15} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby reversed, the guilty plea is vacated, and the matter is remanded to said court for further proceedings.

By Wise, Earle, P.J.

Gwin, J. and

Delaney, J. concur.

EEW/db