[Cite as *State v. Miller*, 2022-Ohio-1798.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-10-014 |
| | : | O P I N I O N |
| - vs - | | 5/31/2022 |
| | : | |
| MICHAEL MILLER, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. CRI2021-2121


Zachary A. Corbin, Brown County Prosecuting Attorney, and Mary McMullen, Assistant Prosecuting Attorney, for appellee.

The Law Office of John D. Hill, LLC, and John D. Hill, Jr., for appellant.



**BYRNE, J.**

{¶1}   Michael Miller committed a felony while he was already on postrelease control for a previous criminal offense.  The Brown County Court of Common Pleas sentenced Miller to twelve months in prison for the new felony plus an additional 672 days in prison, which represented the number of days then remaining on Miller's postrelease control period. Miller appealed, challenging the additional 672 days on statutory and constitutional grounds.  For the reasons that follow, we affirm the trial court's sentence.

**I. Background, Plea Hearing, and Sentencing**

{¶2} Miller had a lengthy criminal history and was on postrelease control supervision. He was undergoing treatment for opioid addiction at the Phoenix Center in Brown County. While suffering withdrawal symptoms caused by the medication used to treat opioid addiction, Miller left the Phoenix Center and found an unlocked pickup truck parked across the street, with the keys inside. He then entered the pickup truck and drove it, without the owner's permission, from Brown County to Hamilton County. Miller abandoned the truck, with the keys in it, in a parking lot near his parents' home. The truck was found roughly 24 hours later. A Brown County grand jury indicted Miller on one count of grand theft of a motor vehicle in violation of R.C. 2913.02(A)(1), a fourth-degree felony.[1]

{¶3} The matter proceeded to a plea hearing. Miller's counsel indicated that Miller intended to plead guilty to the theft count and that the state would ask for a prison sentence and the imposition of the remainder of Miller's postrelease control supervision time, which was 672 days. Miller agreed that this was his understanding.

{¶4} The court then informed Miller that if he pleaded guilty, he could face up to 18 months in prison on the grand theft charge. The court also informed Miller that because he was on postrelease control when he committed the grand theft offense, the court could potentially impose additional prison time of 672 days (the time remaining on his postrelease control supervision), and that the court could impose that sentence consecutive to the underlying theft offense sentence. The court then stated that "I've indicated to your attorney, based upon my review of your prior record, that it is the Court's intention to do that; do you understand that?" Miller indicated he understood.

---

1. R.C. 2913.02(A)(1) states that "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: (1) Without the consent of the owner or person authorized to give consent * * *." The statute goes on to provide that "[i]f the property stolen is a motor vehicle, a violation of this section is grand theft of a motor vehicle, a felony of the fourth degree." R.C. 2913.02(B)(5).

{¶5} The court then engaged Miller in a Crim.R. 11 colloquy and confirmed his understanding of the various constitutional rights he was giving up by agreeing to plead guilty to grand theft of a motor vehicle. Ultimately, Miller pleaded guilty to the grand theft charge and the court accepted the plea.

{¶6} After affording Miller allocution and listening to the state's response, the court imposed sentence. On the grand theft count, the court imposed a sentence of 12 months in prison. The court then imposed 672 days in prison for the postrelease control violation, consecutive to the 12-month sentence.

## II. Law and Analysis

{¶7} Miller appealed, raising the following sole assignment of error:

{¶8} THE TRIAL COURT ABUSED ITS DISCRETION AND SUBJECTED MR. MILLER TO CRUEL AND UNUSUAL PUNISHMENT BY IMPOSING A MAXIMUM JUDICIAL SANCTION OF SIX HUNDRED SEVENTY-TWO (672) DAYS AGAINST MR. MILLER IN ADDITION TO THE TWELVE (12) MONTH SENTENCE FOR THE UNDERLYING THEFT OFFENSE THAT IT IMPOSED.

{¶9} Before addressing Miller's arguments, we must provide some context regarding the two statutes under which Miller was sentenced.

{¶10} First, R.C. 2929.14(A)(4) provides that "[f]or a felony of the fourth degree, the prison term shall be a definite term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." As stated above, the trial court sentenced Miller to 12 months in prison for the grand theft, fourth-degree felony to which he pleaded guilty. Miller does not challenge this sentence on appeal.

{¶11} Second, R.C. 2929.141(A)(1) provides that:

> (A) Upon the conviction of or plea of guilty to a felony by a
> person on post-release control at the time of the commission of
> the felony, the court may terminate the term of post-release

control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:

> (1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.
>
> (2) Impose a sanction under sections 2929.15 to 2929.18 of the Revised Code for the violation that shall be served concurrently or consecutively, as specified by the court, with any community control sanctions for the new felony.

In other words, and as relevant to this case, this statute provides that if a person on postrelease control commits a new felony, a court may (1) impose prison time for the new felony, and (2) terminate the existing postrelease control and impose additional prison time equaling up to the greater of 12 months or "the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony." R.C. 2929.141(A)(1). This additional prison sentence under R.C. 2929.141(A)(1) is sometimes referred to as a "judicial sanction." As stated above, the trial court here imposed a "judicial sanction" of 672 days pursuant to this statute.

{¶12} Miller argues that the court abused its discretion in imposing the maximum sanction for a violation of postrelease control. He presents various arguments regarding the seriousness of his conduct and in mitigation of his conduct. For example, Miller argues

that his theft of the truck "did not by any means constitute the most serious form of the offense of theft," that the theft was an "impulsive act" committed "while he was not in his right mind" because he was experiencing withdrawal symptoms, and that the truck was quickly recovered.  He also argues that "he simply wanted to return to his family," and that he expressed genuine remorse.  Miller argues that the trial court therefore abused its discretion under R.C. 2929.141(A)(1) when it imposed the judicial sanction of 672 days.  He also argues that the length of the judicial sanction sentence violated the prohibition against cruel and unusual punishment found in the Eighth Amendment to the United States Constitution because it effectively tripled the length of the sentence for grand theft and was disproportionate to his criminal conduct.  We will address these arguments in turn.

### A. Miller's Statutory/Abuse of Discretion Argument

{¶13}  Contrary to Miller's arguments in his brief, we do not review felony sentences for whether the trial court abused its discretion.  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 10.  Instead, we review felony sentences pursuant to R.C. 2953.08(G)(2).  *Id.* at ¶ 1.  This includes cases in which a defendant challenges a judicial sanction imposed under R.C. 2929.141(A)(1).  *State v. Jones*, 12th Dist. Fayette No. CA2015-05-012, 2016-Ohio-2777, ¶ 31-37 (rejecting defendant's argument that abuse of discretion standard applied to his challenge to judicial sanction imposed under R.C. 2929.141[A][1], and instead reviewing trial court's decision under R.C. 2953.08[G][2]).

{¶14}  R.C. 2953.08(G)(2) permits us to modify or vacate a sentence only if we find by clear and convincing evidence that the record does not support the trial court's findings under certain listed statutes not at issue here (specifically, R.C. 2929.13[B] or [D], R.C. 2929.14[B][2][e] or [C][4], or R.C. 2929.20[I]), or that the sentence is otherwise contrary to law.  *Marcum* at ¶ 1.

{¶15}  A sentence is not clearly and convincingly contrary to law where the trial court

"considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8.

{¶16} Here, the record reflects—in both the sentencing entry and the sentencing transcript—that the court considered the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12. Additionally, the imposition of the judicial sanction of 672 days—the amount of time remaining on Miller's postrelease control—was permissible under R.C. 2929.141(A)(1). In fact, Miller acknowledges in his appellate brief that the sentences imposed by the court were authorized by law. Based upon the foregoing, we find that Miller's judicial sanction sentence was not clearly and convincingly contrary to law. As such, we have no authority under R.C. 2953.08(G)(2) to modify or vacate Miller's judicial sanction sentence, and we find Miller's "abuse of discretion" argument meritless.

### B. Miller's Constitutional Argument

{¶17} Miller next argues that his judicial sanction sentence constituted cruel and unusual punishment under the Eighth Amendment to the United States Constitution because the sentence he received was grossly disproportionate to his conduct and "far exceeds the bounds that society ever intended to impose for similar conduct." He points out that his grand theft charge was a low-level, non-violent felony and that the imposition of the postrelease control judicial sanction "tripled the sentence" the court imposed on the theft charge. We disagree.

{¶18} The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The amendment applies to the states pursuant to the Fourteenth Amendment. *State v. Accorinti*, 12th Dist. Butler Nos. CA2012-10-205 and CA2012-11-

221, 2013-Ohio-4429, ¶ 20, citing *Robinson v. California*, 370 U.S. 660, 82 S.Ct. 1417 (1962). *Accord* Article I, Section 9, Ohio Constitution.

{¶19} "[P]roportionality review in the context of cruel and unusual punishment does not apply to aggregate sentences." *State v. Rowland*, 12th Dist. Warren No. CA2019-08-084, 2020-Ohio-2984, ¶ 61. "[I]t is not the aggregate term of incarceration but, rather, the individual sentences that are relevant * * *." *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, ¶ 22. Therefore, under the Eighth Amendment and Section 9, Article I of the Ohio Constitution, "proportionality review should focus on individual sentences rather than on the cumulative impact of multiple sentences imposed consecutively." *Id.* at ¶ 20. Where the individual sentences imposed on an offender are not grossly disproportionate to their respective offenses, an aggregate prison term resulting from consecutive imposition of those sentences does not constitute cruel and unusual punishment. *Id.*

{¶20} Furthermore, "[i]t is generally accepted that punishments which are prohibited by the Eighth Amendment are limited to torture or other barbarous punishments, degrading punishments unknown at common law, and punishments which are so disproportionate to the offense as to shock the moral sense of the community." *McDougle v. Maxwell*, 1 Ohio St.2d 68, 69 (1964). A sentence that falls within statutory limitations is not excessive and does not violate the constitutional prohibition against cruel and unusual punishment. *Rowland* at ¶ 63; *McDougle* at 69.

{¶21} Miller's "judicial sanction" sentence of 672 days, imposed because Miller violated the terms of his postrelease control, was imposed pursuant to and within the limitations of the applicable statute, R.C. 2929.141(A)(1). We do not find that Miller has met his burden of demonstrating disproportionality with respect to the sentence and the seriousness of his conduct. Contrary to his arguments in mitigation, we do not agree that felony grand theft of an automobile is the non-serious offense Miller portrays in his appellate

brief. Moreover, Miller was on postrelease control supervision at the time of his offense and had nearly two years of supervision remaining. Accordingly, Miller has failed to establish that his sentences violated his federal constitutional right against cruel and unusual punishment. Miller's constitutional arguments are without merit.

### III. Conclusion

{¶22} For the reasons set forth above, Miller's "judicial sanction" sentence was not clearly and convincingly contrary to law. Miller has also not demonstrated that his "judicial sanction" sentence violated the constitutional prohibition on cruel and unusual punishments. We overrule Miller's sole assignment of error.

{¶23} Judgment affirmed.

M. POWELL, P.J., and S. POWELL, J., concur.