[Cite as *State v. Purley*, 2022-Ohio-2524.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                                    Court of Appeals No.  L-21-1216

        Appellee                                              Trial Court No.  CR202101320

v.

Roosevelt T. Purley                                      **DECISION AND JUDGMENT**

        Appellant                                             Decided:  July 22, 2022

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} Appellant, Roosevelt Purley, appeals from a judgment entered by the Lucas County Court of Common Pleas, sentencing him on one count of trafficking in cocaine. For the reasons that follow, we affirm the judgment of the trial court.

**Statement of the Case and Facts**

{¶ 2} On March 4, 2021, appellant was indicted for trafficking in cocaine, in violation of R.C. 2925.03(A)(2), a felony of the first degree, and possession of cocaine, in violation of R.C. 2925.11(A), a felony of the first degree. It was alleged that appellant was stopped by authorities and had cocaine in his possession, along with scales and $1,533.00 in cash.

{¶ 3} On October 13, 2021, appellant entered a plea of guilty to, and was found guilty of, an amended count of trafficking in cocaine, in violation of R.C. 2925.03(A)(2) and (C)(4)(e), a felony of the second degree. A presentence investigation report was ordered.

{¶ 4} On October 27, 2021, appellant appeared for sentencing. The state and appellant requested the minimum sentence of two years. The state made this recommendation because appellant was forthcoming from the beginning of the case and he was willing to plead to an amended high tier felony. In mitigation, appellant argued he should be sentenced to the minimum because his criminal history was largely driven by his drug addiction. Appellant acknowledged that his criminal history contains a mix of drug trafficking and drug possession charges. In addition, he stated that he was suffering from unknown health issues. He had blood tests and CAT scans, all of which turned up no answers. He was waiting to see a neurologist. At the same time he was being sentenced in this case, appellant faced federal charges and faced six to seven years of federal prison time.

2.

**{¶ 5}** Ultimately, the trial court sentenced appellant to a mandatory minimum stated term of four and a maximum of six years. Appellant was ordered to surrender his Dodge Ram and the $1,533 in cash that he had on his person at the time of his arrest. The trial court found that a minimum sentence demeaned the seriousness of the offense due to the history of drug trafficking, drug dealing, and other felonious activity in appellant's adult life. Appellant timely filed the instant appeal.

### Assignment of Error

**{¶ 6}** Appellant asserts the following single assignment of error on appeal:

I.      The Trial Court abused its discretion when it sentenced Appellant as though he was a big-time drug trafficker rather than a long term drug addict selling drugs to feed his habit.

### Analysis

**{¶ 7}** Appellant argues in his first assignment of error that the trial court's imposition of "an almost maximum sentence" was an abuse of discretion because the trial court "treated [appellant's] entire criminal history as [that of] a drug trafficker rather than a drug user." Specifically, appellant argues:

In reality, [appellant] is a 56-year old man who said he is tired of living the life he has led. [Appellant] plead to a drug trafficking charge, but that charge was based almost exclusively on the weight he was found with. There simply was no evidence [appellant] was anything more than a guy

3.

with a drug habit who sold drugs to support that habit. And, he should have been sentenced to the mandatory minimum sentence of 2 years.

Finally, appellant asserts that the trial court "clearly failed" to consider appellant's conduct as a mitigating factor as required under R.C. 2929.12(C)(4).

{¶ 8} This court reviews challenges to felony sentences under R.C. 2953.08(G)(2). Pursuant to this section, an appellate court may increase, reduce, or otherwise modify a sentence or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2).

{¶ 9} Because this case does not involve any of the specific sections listed in R.C. 2953.08(G)(2)(a), we focus our analysis on the more general provision set forth in R.C. 2953.08(G)(2)(b). In *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15, this court recognized that a sentence is not clearly and convincingly contrary to law for purposes of R.C. 2953.08(G)(2)(b) where the trial court has considered the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors listed in R.C. 2929.12, properly applied postrelease control, and sentenced the

4.

defendant within the statutorily-permissible range. "[N]either R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 20. In fact, a trial court's consideration of the factors set forth in R.C. 2929.11 and R.C. 2929.12 is presumed even on a silent record. *State v. Montez*, 6th Dist. Lucas No. L-21-1086, 2022-Ohio-640, ¶ 9, citing *State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, 108 N.E.3d 1. (Additional citation omitted.)

{¶ 10} In the instant case, the record demonstrates that appellant's sentence was not clearly and convincingly contrary to law under R.C. 2953.08(G)(2)(b). As the trial court expressly stated in its sentencing judgment entry:

> The Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness, recidivism and other relevant factors under R.C. 2929.12.

Thus, the record clearly demonstrates that the trial court considered the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors listed under R.C. 2929.12.

{¶ 11} Next, we consider whether the trial court sentenced appellant within the statutorily permissible range. The applicable statutory range for appellant's conviction for trafficking in cocaine includes a stated minimum term of two, three, four, five, six, seven, or eight years, *see* R.C. 2929.14(A)(2)(a), and a maximum indefinite prison term

5.

"equal to the minimum term imposed on the offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code plus fifty per cent of that term," *see* R.C. 2929.144(B)(1). Thus, the trial court's imposition of a stated minimum prison term of four years and a maximum indefinite prison term of six years was well within the permissible statutory range.

{¶ 12} Finally, we consider whether the trial court properly applied postrelease control. The court's imposition of a period of mandatory postrelease control of "not less than 18 months but not more than 3 years" was appropriate under R.C. 2967.28(B)(3). *See* R.C. 2967.28(B)(3) (For a felony of the second degree that is not a felony sex offense, the period of postrelease control that is required is "up to three years, but not less than eighteen months.")

{¶ 13} Accordingly, appellant's sentence was not clearly and convincingly contrary to law for purposes of R.C. 2953.08(G)(2)(b). *See Tammerine* at ¶ 15.

{¶ 14} To the extent that appellant's challenge amounts to a disagreement with the trial court's consideration of R.C. 2929.11 and its weighing of the factors set forth in R.C. 2929.12, we dismiss the argument on the grounds that "an appellate court may not independently weigh the evidence and substitute its judgment for that of the trial court regarding the appropriate sentence under R.C. 2929.11 and 2929.12, nor may it modify or vacate a sentence under R.C. 2953.08(G)(2)(b) based on the lack of support in the record for the trial court's findings under those statutes." *State v. Montez*, 6th Dist. Lucas No.

6.

L-21-1086, 2022-Ohio-640, ¶ 9, citing *Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, at ¶ 39, 41-42.

{¶ 15} For all of the foregoing reasons, we find appellant's assignment of error not well-taken. The judgment of the Lucas County common pleas court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.
_____
JUDGE

Christine E. Mayle, J.
_____
Myron C. Duhart, P.J.                                     JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.