[Cite as *State v. Adcock*, 2022-Ohio-2523.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio

      Appellee

v.

Trevonte Adcock

      Appellant

Court of Appeals No.  E-21-045

Trial Court No.  2020-CR-136

**<u>DECISION AND JUDGMENT</u>**

Decided:  July 22, 2022

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee.

Loretta Riddle, for appellant.

* * * * *

**OSOWIK, J.**

**{¶ 1}** Defendant-appellant, Trevonte Adcock, appeals the October 15, 2021

judgment of the Erie County Court of Common Pleas, convicting him of receiving stolen

property and attempted having weapons while under disability, and sentencing him to

concurrent terms of 17 months in prison, to be served consecutively with 370 days imposed for a remaining period of postrelease control in another case. For the following reasons, we affirm the trial court judgment.

## I. Background

{¶ 2} In Erie County case No. 2020-CR-136, Trevonte Adcock entered a plea of guilty to receiving stolen property, a violation of R.C.2913.51 (A) and (C), and attempted having weapons while under disability, violations of R.C. 2923.02(A) and 2923.13(A)(2) and (B). These offenses were committed while Adcock was on postrelease control in Erie County case No. 2013-CR-005.

{¶ 3} The trial court sentenced Adcock to 17 months' imprisonment on each count in case No. 2020-CR-136, to be served concurrently. It also imposed the remaining period of Adcock's term of postrelease control in case No. 2013-CR-005, to be served consecutively to his sentence in case No. 2020-CR-136. According to a letter the trial court received from the Ohio Department of Rehabilitation and Correction dated October 13, 2021—the day before the sentencing hearing—Adcock had 640 days remaining in his period of postrelease control.

{¶ 4} Based on the letter from ODRC, the trial court originally intended to impose 639 days for the remaining period of postrelease control (640 days minus one day for the time that passed between the date of the letter and the date of the sentencing hearing). Although he provided no supporting documents to verify this, Adcock asserted that he

2.

had already spent nine months on postrelease control. Defense counsel was unsure whether the 640 days stated in the ODRC letter took into account the nine months Adcock said he served.

{¶ 5} Giving Adcock the benefit of the doubt, the trial court agreed to credit Adcock *approximately* six months for the period he claimed to have already spent on postrelease control. The court explained: "The Court imposes 370 days. I'll give you the credit for the nine months. It would be 369. I'm going 370. * * * So it would be 370 instead of 640. So that would give you credit for those nine months, okay?"

{¶ 6} Adcock appealed. He assigns the following error for our review:

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION

IN GRANTING AND THEN DENYING APPELLANT TIME

TOWARDS HIS SENTENCING ON POST RELEASE CONTROL[.]

## II. Law and Analysis

{¶ 7} The entire crux of Adcock's appeal is that he should have been ordered to serve 369 days instead of 370 days as the remaining period of postrelease control. The state responds that according to the ODRC letter, on the date of sentencing, Adcock still had 639 days remaining—more than the 370 days imposed by the court.

{¶ 8} We review a challenge to a felony sentence under R.C. 2953.08(G)(2). R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, or otherwise modify

3.

a sentence or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

Adcock does not complain that his sentence violated R.C. 2953.08(G)(2)(a). This leaves R.C. 2953.08(G)(2)(b) as the only basis for challenging his sentence.

{¶ 9} R.C. 2929.141(A) provides as follows:

Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:

(1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has

4.

spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

(2) Impose a sanction under sections 2929.15 to 2929.18 of the Revised Code for the violation that shall be served concurrently or consecutively, as specified by the court, with any community control sanctions for the new felony.

{¶ 10} Here, the information provided by ODRC indicated that as of October 13, 2021, Adcock had a remaining period of 640 days' postrelease control. This means that one day later, on October 14, 2021—the day of sentencing—the court could have imposed a prison term of 639 days for that remaining period. Instead—on Adcock's word that he had already spent nine months on postrelease control and with no supporting documents to indicate that the ODRC calculation was wrong—the trial court imposed only 370 days. Absent proof in the record that ODRC's calculation was wrong and that only 369 days remained in Adcock's term of postrelease control, we find no error in the trial court's decision. Adcock's sentence was not contrary to law.

**{¶ 11}** Accordingly, we find Adcock's sole assignment of error not well-taken.

### III.    Conclusion

**{¶ 12}** The trial court did not err in imposing 370 days in prison for Adcock's remaining period of postrelease control in case No. 2013-CR-005.  We affirm the October 15, 2021 judgment of the Erie County Court of Common Pleas.  Adcock is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, J.

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.