[Cite as *State v. King*, 2022-Ohio-3359.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                      Court of Appeals No.  L-21-1205

    Appellee                                    Trial Court No.  CR0202101687

v.

Marcus King                                     **DECISION AND JUDGMENT**

    Appellant                                   Decided:  September 23, 2022

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**DUHART, J.**

**{¶ 1}** This case is before the court on appeal by appellant, Marcus King, from a

Lucas County Common Pleas Court judgment sentencing appellant to a 17-month prison

term following his conviction on one count of aggravated assault, as well as 775 days for

a violation of post-release control.  For the reasons that follow, we affirm.

## Assignments of Error

1. The record in the trial court does not support the imposition of a seventeen month sentence in the ODRC.

2. The trial court abused its discretion by imposing seven hundred and seventy-five days in the ODRC for a violation of appellant's post-release control.

## Background

{¶ 2} On September 15, 2021, appellant pled guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) to aggravated assault, in violation of R.C. 2903.12(A)(1), a felony of the fourth degree. At his sentencing hearing on September 29, 2021, appellant was sentenced to 17 months in prison on the aggravated assault conviction. Further, because appellant was on post-release control in another case when he committed the aggravated assault, the trial court found appellant in violation of his post-release control and sentenced him to 775 days in prison, to be served consecutively to the prison term for the aggravated assault.

{¶ 3} Appellant appealed.

## First Assignment of Error

{¶ 4} Appellant argues that the record does not support his sentence. We review felony sentences under R.C. 2953.08(G)(2). *State v. Purley*, 6th Dist. Lucas No. L-21-1216, 2022-Ohio-2524, ¶ 8. R.C. 2953.08(G)(2) allows an appellate court to increase, reduce, or otherwise modify a sentence, or vacate the sentence and remand for resentencing if the court finds by clear and convincing evidence that either of the

2.

following apply: (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code" or (b) "the sentence is otherwise contrary to law."

{¶ 5} Appellant does not argue that the record does not support his sentencing under any of the specified statutes. Instead, he contends that his 17-month sentence for the aggravated assault conviction is contrary to law and a violation of R.C. 2929.11(B) because his sentence is not proportional to his co-defendants' sentences, both of whom were sentenced to community control. Appellant maintains that the statements made by the prosecutor at the plea hearing did not distinguish the individual roles of the defendants, so there is no basis for appellant's more severe sentence.

{¶ 6} The state counters that this argument is precluded by the Ohio Supreme Court case of *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649 and that the trial court's sentence is not contrary to law under R.C. 2953.08(G)(2)(b).

{¶ 7} Citing *Jones*, we have previously stated that "neither R.C. 2953.08(G)(2)(a) or (b) permits us to vacate or modify appellant's sentence if we find the record does not support the trial court's imposition of a prison term following its consideration of R.C. 2929.11 and 2929.12." *State v. Orzechowski*, 6th Dist. Wood No. WD-20-029, 2021-Ohio-985, ¶ 13. Appellant has argued that his sentence is in violation of R.C. 2929.11(B), which requires, inter alia, that a sentence be "consistent with sentences imposed for similar crimes committed by similar offenders," and thus his argument is based upon the trial court's consideration of R.C. 2929.11. *See also State v. Hayes*, 10th

3.

Dist. Franklin No. 08AP-233, 2009-Ohio-1100, ¶ 10, citing *State v. Holloman*, 10th Dist. Franklin No. 07AP-875, 2008-Ohio-2650, at ¶ 19 (Decided prior to *Jones*, the court stated that "a defendant claiming inconsistent sentencing must show that the trial court failed to properly consider the statutory sentencing factors and guidelines found in R.C. 2929.11 and 2929.12.").

{¶ 8} Appellant acknowledges *Jones*, but attempts to differentiate it by asserting that "there is no indication from the court's record at sentencing, other than a passing statement, that the court even considered proportionality in fashioning Appellant's seventeen-month ODRC sentence."

{¶ 9} "[N]either R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record. In fact, a trial court's consideration of the factors set forth in R.C. 2929.11 and R.C. 2929.12 is presumed even on a silent record." (Citations omitted.) *Purley*, 6th Dist. Lucas No. L-21-1216, 2022-Ohio-2524, at ¶ 9.

{¶ 10} Here, the court specifically stated that it did consider R.C. 2929.11. The law does not require any additional findings. Moreover, *Jones* does not permit us to reverse appellant's sentence based on the court's consideration of R.C. 2929.11.

{¶ 11} Finding no error, we find appellant's first assignment of error not well-taken.

## Second Assignment of Error

{¶ 12} Appellant argues that the trial court abused its discretion by imposing 775 days – "the entirety of his remaining PRC time" - for the violation of his post-release

4.

control based on a prior conviction. While he acknowledges that he was informed at his plea hearing that this additional time could be imposed, appellant contends that the court "did not expound on the amount of time Appellant faced or the likelihood of said time being imposed," and that the trial court additionally did not provide any reasoning regarding the imposition of this additional sentence at the sentencing hearing.

{¶ 13} The state responds that it was within the court's discretion to impose the 775 days and that appellant did not "cite to any law or case law indicating the trial court did not have the discretion to do so."

{¶ 14} When a person who is on post-release control is convicted of or pleads guilty to a new felony committed while that person was on post-release control, R.C. 2929.141(A)(1) allows a court to terminate the post-release control term and instead impose a prison term for the post-release control violation in addition to any prison term for the new felony. This additional prison term is also referred to as a "judicial sanction." *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 13. The maximum prison term that can be imposed for a violation of the post-release control is "the greater of 12 months or the amount of time that remained on the existing post-release-control term." *Id.* This additional prison term is not mandatory, but if it is imposed, it must be served consecutively to the prison term for the new felony. *Id.* It is not necessary for a trial court to make any findings before imposing consecutive sentences under R.C. 2929.141(A)(1) when there is a violation of post-release control. *State v. Pena*, 6th Dist. Lucas No. L-13-1030, 2014-Ohio-3438, ¶ 12.

5.

{¶ 15} We first note that the proper standard of review of a sentence imposed under R.C. 2929.141(A)(1) is the standard set forth in R.C. 2953.08(G)(2), not abuse of discretion. *State v. Miller*, 12th Dist. Brown No. CA2021-10-014, 2022-Ohio-1798, ¶ 13. *See also State v. Adcock*, 6th Dist. Erie No. E-21-045, 2022-Ohio-2523, ¶ 8. R.C. 2953.08(G)(2) permits a court to modify or vacate a sentence if the record does not support the trial court's findings under specific enumerated statutes not at issue here, or, if the sentence is "otherwise contrary to law."

{¶ 16} A sentence for a violation of post-release control is not contrary to law as long as it comports with the requirements of R.C. 2929.141.[1] *State v. Smith*, 8th Dist. Cuyahoga No. 109963, 2021-Ohio-3099, ¶ 25, citing *State v. Lehman*, 2d Dist. Champaign No. 2014–CA–17, 2015–Ohio–1979, ¶ 17. In exercising its discretion under R.C. 2929.141, a trial court must consider the statutory criteria that apply to any felony offense, including those set forth in R.C. 2929.11 and R.C. 2929.12. *Smith* at ¶ 25, citing *State v. Rosales*, 2d Dist. Champaign No. 2019-CA-21, 2020-Ohio-1646, ¶ 10.

{¶ 17} R.C. 2929.141(A)(1) permits a trial court to impose the maximum remaining period of post-release control, and appellant has conceded that the 775 days was "the entirety of his remaining PRC time." Further, the judge specifically stated that

---

[1] Appellant cites to R.C. 2967.28(F)(4)(d) as an "applicable code section" with regard to his second assignment of error. However, R.C. 2967.28(F)(4)(d) is not applicable to appellant's second assignment of error. R.C. 2967.28(F)(4)(d) "addresses the length of post-release control to be imposed following an offender's release from prison on a new felony committed while on post-release control," not the imposition of a prison term at a sentencing for a new offense committed while under post-release control. *State v. Lux*, 2d Dist. Miami No. 2010 CA 30, 2012-Ohio-112, ¶ 69.

6.

she had considered R.C. 2929.11 and R.C. 2929.12.  Appellant's sentence therefore was not contrary to law.

{¶ 18} Accordingly, we find appellant's second assignment of error not well-taken.

## Conclusion

{¶ 19} The judgment of the Lucas County Common Pleas Court is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the costs incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.              _____
                                              JUDGE

Christine E. Mayle, J.

                                      _____
Myron C. Duhart, P.J.                         JUDGE
CONCUR.

                                      _____
                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.