[Cite as *State v. Hill*, 2023-Ohio-2813.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO.  9-22-58

    v.

DOMINIQUE DASHAWN HILL,           O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Trial Court No.  22-cr-360

**Judgment Reversed and Cause Remanded**

**Date of Decision:  August 14, 2023**

APPEARANCES:

    *W. Joseph Edwards* for Appellant

    *Raymond A. Grogan, Jr and William J. Owen* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Dominique Dashawn Hill ("Hill"), appeals the September 29, 2022 judgment entry of sentence of the Marion County Court of Common Pleas. For the reasons that follow, we reverse.

{¶2} On June 22, 2022, the Marion County Grand Jury indicted Hill on Count One of the failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B), (C)(5)(a)(ii), a third-degree felony; Count Two of tampering with evidence in violation of R.C. 2921.12(A)(1), (B), a third-degree felony; Count Three of possession of cocaine in violation of R.C. 2925.11(A), (C)(4)(c), a third-degree felony; and Count Four of possession of marihuana in violation of R.C. 2925.11(A), (C)(3)(c), a fifth-degree felony. On June 27, 2022, Hill appeared for arraignment and pleaded not guilty to the counts of the indictment.

{¶3} On August 30, 2022, Hill withdrew his pleas of not guilty and entered guilty pleas, under a written plea agreement, to Counts One and Two of the indictment. In exchange for his change of pleas, the State agreed to dismiss Counts Three and Four as well as to a joint-sentencing recommendation. The trial court accepted Hill's guilty pleas, found him guilty, and dismissed Counts Three and Four.

{¶4} On September 29, 2022, the trial court sentenced Hill (contrary to the parties' joint-sentencing recommendation) to 24 months in prison on each count,

respectively. The trial court ordered that Hill serve the prison terms consecutively for an aggregate sentence of 48 months in prison. Further, the trial court ordered Hill to serve the consecutive sentence imposed in this case consecutively to a 859-day prison term imposed by the trial court for Hill's postrelease-control violation, which he committed at the time he committed the offenses in this case.

{¶5} On October 28, 2022, Hill filed his notice of appeal. He raises one assignment of error for our review.

### Assignment of Error

**The Trial Court Erred When it Failed to Inform Appellant of Its Authority Under R.C. §2929.141 to Terminate Postrelease Control and to Order Him to Serve a Prison Term Consecutively to Any Term of Imprisonment Imposed For the Felony Offense to Which He Was Pleading Guilty, Therefore Violating Appellant's Due Process Rights By Preventing the Plea From Being Entered Knowingly, Intelligently, and Voluntarily.**

{¶6} In his assignment of error, Hill argues that his guilty pleas were not knowing, intelligent, or voluntary. Specifically, Hill argues that his guilty pleas were ineffective because the trial court failed to inform him that it could terminate his postrelease control and convert it to additional prison time.

### *Standard of Review*

{¶7} "All guilty pleas must be made knowingly, voluntarily, and intelligently." *State v. Moll*, 3d Dist. Defiance Nos. 4-14-17 and 4-14-18, 2015-Ohio-926, ¶ 9, citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "'"Failure on

any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution."'" *State v. Montgomery*, 3d Dist. Putnam No. 12-13-11, 2014-Ohio-1789, ¶ 10, quoting *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 7, quoting *Engle* at 527. Crim.R. 11(C)(2), which governs guilty pleas for felony-level offenses, provides:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a)   Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b)   Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c)   Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶8} "A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives the defendant's constitutional rights." *Montgomery* at ¶ 11, citing *Veney* at ¶ 31.

"'When a trial court fails to strictly comply with this duty, the defendant's plea is invalid.'" *Id.*, quoting *Veney* at ¶ 31. "A trial court, however, is required to only substantially comply with the non-constitutional notifications in Crim.R. 11(C)(2)(a) and (b)." *Id.*, citing *Veney* at ¶ 14-17.

{¶9} "An appellate court reviews the substantial-compliance standard based upon the totality of the circumstances surrounding the defendant's plea and determines whether he subjectively understood the implications of his plea and the rights he waived." *Id.* at ¶ 12, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, ¶ 20. "'Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. * * * The test is whether the plea would have otherwise been made.'" *Id.*, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

*Analysis*

{¶10} On appeal, Hill argues that his guilty pleas were not knowing, intelligent, or voluntary because the trial court did not comply with the notifications required by Crim.R. 11(C)(2)(a). "Crim.R. 11(C)(2)(a) requires that a defendant understand the 'nature of the charges against him and the maximum penalty involved' in order for his plea to be knowing, intelligent, and voluntary." *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, ¶ 19, quoting Crim.R. 11(C)(2)(a).

{¶11} In a recent plurality opinion, the Supreme Court

held that a trial court during the plea colloquy must inform a defendant *who is on post-release control, and is pleading guilty to a new felony offense*, of the trial court's authority to revoke the defendant's postrelease control in the prior case and impose a prison term consecutively to any term of imprisonment it imposes for the new felony offense.

(Emphasis sic.) *State v. Myles*, 3d Dist. Marion No. 9-19-74, 2020-Ohio-3323, ¶ 52, citing *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, ¶ 14-17. *See also State v. Battle*, 5th Dist. Richland No. 2022-CA-0002, 2022-Ohio-2444, ¶ 8 (concluding that, under "'any fair reading of Crim.R. 11(C)(2), the potential R.C. 2929.141(A) sentence was part of the "maximum penalty involved" in this case'"), quoting *Bishop* at ¶ 17, quoting Crim.R. 11(C)(2)(a). "Specifically, the Supreme Court held that a trial court's failure to inform the defendant that the court would be required to impose the postrelease control sentence consecutively to the underlying felony offense sentence is a violation of Crim.R. 11(C)(2)(a)." *Myles* at ¶ 52, citing *Bishop* at ¶ 20.

{¶12} Indeed, under R.C. 2929.141(A)(1),

[w]hen a person who is on post-release control is convicted of or pleads guilty to a new felony committed while that person was on post-release control, [the statute] allows a court to terminate the post-release control term and instead impose a prison term for the post-release control violation in addition to any prison term for the new felony.

*State v. King*, 6th Dist. Lucas No. L-21-1205, 2022-Ohio-3359, ¶ 14. "This additional prison term is also referred to as a 'judicial sanction.'" *Id.*, quoting

*Bishop* at ¶ 13. "The maximum prison term that can be imposed for a violation of the post-release control is 'the greater of 12 months or the amount of time that remained on the existing post-release-control term.'" *Id.*, quoting *Bishop* at ¶ 13. "This additional prison term is not mandatory, but if it is imposed, it must be served consecutively to the prison term for the new felony." *Id.* *See also Battle* at ¶ 8 ("'Sentences imposed under R.C. 2929.141(A) cannot stand alone. The court may impose the sentence only upon a conviction for or plea of guilty to a new felony, making the sentence for committing a new felony while on postrelease control and that for the new felony itself inextricably intertwined.'"), quoting *Bishop* at ¶ 17.

{¶13} In this case, Hill argues that "the trial court completely failed to inform [him] that a consecutive prison sentence under R.C. § 2929.141(A) was possible." (Appellant's Brief at 6). Specifically, Hill argues that, because he "was on polstrelease-control [sic] at the time the offense was committed and had 859 days remaining," the trial court was required to inform him during its Crim.R. 11 colloquy "that he could face up to an additional 859 days * * * in prison, to be served consecutively with the maximum possible 72 month sentence" of which the trial court informed him. (*Id.* at 6-7). As a result, Hill contends that, "[b]ecause the court completely failed to comply with Crim.R. 11 when it failed to inform [him] that he could face up to an additional 859 days * * * in prison, to be served consecutively

with the maximum possible 72 month sentence, [he] need not show prejudice." (*Id.* at 7).

**{¶14}** The State does not dispute Hill's argument "that the trial court did not inform [him] of [the] potential for imposing postrelease control time." (Appellee's Brief at 1). However, the State urges this court to follow the dissenting opinions in *Bishop* and conclude that "'a trial court does not need to advise a criminal defendant on postrelease control for a prior felony, during a plea hearing in a new felony case, of the trial court's ability under R.C. 2929.141(A) to terminate the defendant's existing postrelease control and impose a consecutive prison sentence for the postrelease-control violation'" under Crim.R. 11(C)(2)(a). (*Id.*, quoting *Bishop* at ¶ 91 (Fischer, J., dissenting). Contrary to the State's position, we follow our sister appellate districts that are adhering to the dictate of the Supreme Court's plurality opinion in *Bishop*. *See, e.g.*, *State v. Acosta*, 6th Dist. Wood No. WD-22-020, 2023-Ohio-737, ¶ 23.

**{¶15}** Thus, based on our review of the record, we agree that the trial court failed to substantially comply with the requirements of Crim.R. 11(C)(2)(a). Specifically, at the August 30, 2022 plea hearing, the trial court discussed the maximum penalties relating to Counts One and Two during its Crim.R. 11 plea colloquy, including "the *prospective* requirements of postrelease control and the consequences of [Hill] committing a *new* felony while on postrelease control."

(Emphasis added.) *Acosta* at ¶ 21. However, even though Hill was on postrelease control at the time he committed the offenses in this case, the trial court failed to advise Hill of its authority to revoke his postrelease control (in the prior case) and impose a prison term consecutively to any term of imprisonment impose for the new felony offenses. In other words, even though the trial court apprised Hill of the maximum sentence that he could receive for his *new* felony offenses, the trial court failed to apprise Hill that he was further subject to a separate sentence for his postrelease-control violation to be served consecutively to any sentence imposed for his new felony offenses. *See id.*; *Bishop* at ¶ 16 (noting that "the trial court told Bishop that he could receive a maximum sentence of 12 months for his fifth-degree-felony conviction. But the trial court did not tell Bishop that he was also subject to a separate consecutive 12-month sentence for his postrelease-control violation").

{¶16} Consequently, because we conclude that "the trial court completely failed to inform [Hill] that a consecutive prison sentence under R.C. 2929.141(A) was possible," Hill "need not show prejudice." *Bishop* at ¶ 20. Accordingly, we conclude that the trial court did not substantially comply with the requirements of Crim.R. 11(C)(2)(a) since the trial court did not notify Hill "that the potential R.C. 2929.141(A) sentence was part of the 'maximum penalty involved.'" *Acosta* at ¶ 23. Therefore, Hill's plea was not knowing, intelligent, or voluntary. *Id.*

{¶17} Hill's assignment of error is sustained.

{¶18} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings.

*Judgment Reversed and*
*Cause Remanded*

**WALDICK, J., concurs.**

**MILLER, P.J., concurring separately.**

{¶19} I agree with the majority's resolution of the assignment of error based on the Supreme Court of Ohio's decision in *State v. Bishop*, 156, Ohio St.3d 156, 2018-Ohio-5132 and its progeny; however, I write to emphasize that trial courts may need to make an inquiry as part of the plea colloquy regarding whether the defendant was on any type of supervision when the new offense was committed. *See Bishop* at ¶¶ 59 & 62 (Kennedy, J., dissenting). Unless there is something in the record advising the court that the defendant was under postrelease control at the time of the new offense (such as a pretrial release bond investigation), the court will not know that the R.C. 2929.141(A) judicial sanction is applicable. *Id.* If R.C. 2929.141(A) is to be considered at sentencing, the court is obligated to so advise a defendant at the change of plea hearing.

**/jlr**