[Cite as *State v. Lantow*, 2024-Ohio-2839.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                      Court of Appeals No.  WD-23-037

        Appellee                                Trial Court No. 2023CR0130

v.

Justin Lantow                              **DECISION AND JUDGMENT**

        Appellant                               Decided:   July 26, 2024

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Michael H. Stahl, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} This is an appeal by appellant, Justin Lantow, from the June 26, 2023

judgment of the Wood County Court of Common Pleas.  For the reasons that follow, we

affirm the judgment.

{¶ 2} Lantow sets forth one assignment of error:

The trial court erred in imposing consecutive sentences: because the

charged offense was also punished by the imposition of a reserved multi-

year sentence for the community control violation, the consecutive imposition of sentence was disproportionate to the offense [sic]

## Background

{¶ 3} Lantow was in a custodial facility for drug rehabilitation ("the facility"), as a community control sanction for drug offenses originating out of Defiance County, Ohio, and on August 1, 2022, he attempted to bring drugs into the facility. As a result, on March 16, 2023, Lantow was indicted on three charges: Count 1, illegal conveyance of drugs of abuse onto grounds of a specified governmental facility, a third-degree felony; Count 2, possession of drugs, a fifth-degree felony; and Count 3, aggravated possession of drugs, a third-degree felony. Lantow entered pleas of not guilty to the charges.

{¶ 4} On June 26, 2023, Lantow withdrew his not guilty pleas, and pled guilty to Counts 1 and 2. At sentencing, Lantow's counsel and the State represented to the court that they recommended an aggregate nine-month prison term. The court sentenced Lantow to nine months in prison on Count 1, and six months in prison on Count 2. The sentences imposed for Counts 1 and 2 were ordered to be served concurrently to one another, and the sentence for Count 1 was ordered to be served consecutively to the prison terms imposed for Lantow's drug offenses by the Defiance County Common Pleas Court. The court dismissed Count 3.

{¶ 5} In explaining the sentence, the trial court acknowledged that Lantow had a drug addiction and was engaging in treatment, but the court noted Lantow's criminal drug history has been consistently on-going since 2006. The court found that consecutive

2.

sentences were necessary to either protect the public from future crime or to punish the offender and are not disproportionate to the seriousness of Lantow's conduct or the danger he poses to the public due to his addiction. The court also found that Lantow committed the crimes while on community control, and the crimes were serious, as conveying drugs into a treatment facility was dangerous to everyone in there. The court further found that Lantow's recent criminal history, from 2017 to the present, showed the offenses he committed were progressively worsening.

{¶ 6} These same findings were reflected in the trial court's judgment entry memorializing Lantow's sentence.

{¶ 7} Lantow appealed.

### Lantow's Arguments

{¶ 8} Lantow argues "[t]hough double jeopardy is not implicated by a separate prosecution and punishment for acts which are both crimes and community control violations, the consecutive application here is disproportionate to the offense when the already imposed multi-year prison term is contemplated." Lantow cites to *State v. Martello*, 2002-Ohio-6661, ¶ 9. He contends "[t]he question there, though not the same issue, is relevant to the determination of the proportionality of the aggregate sentence when the underlying act is also the basis for a prior sanction. . . The double jeopardy rationale was that the probation revocation was not a "punishment" in the terminology developed, mostly by the U.S Supreme Court, in double jeopardy caselaw."

3.

**{¶ 9}** Lantow quotes the argument made by the State at sentencing, regarding proportionality, and argues that "[p]rior to any sentence from Wood County, Mr. Lantow, because he 'messed up his judicial release' is serving his reserved prison sentence with an October 2017 [sic] out-date, just over 4 years from the date of writing. That time was ordered enforced because of the same acts, which addresses the threat posed."

**{¶ 10}** Next, Lantow argues the nine-month prison term is not the minimum sentence, as the State contended, and "[t]he case as charged has no presumption for or against prison, so the minimum sentence is community control." Lantow submits "[i]n fact the court, as it discussed, is required by the statute to engage in a significant analysis in order to properly impose a consecutive sentence, as such, the true 'minimum' prison sentence in this case would be a 9[-]month concurrent sentence." (Emphasis sic.)

**{¶ 11}** In addition, Lantow argues that in order for the court to impose consecutive sentences, one of the findings the court must make is that consecutive sentencing is necessary to protect the public from future crime or to punish the offender, but he "was not in the 'public' when this occurred-he was in a detention facility." Lantow further submits that "[t]he public need not concern itself with [him] until 2027, [and] nothing in the record suggests that the public will benefit by paying for [his] room and board until July of 2028 due to the consecutive sentences."

### Law and Analysis

**{¶ 12}** We review challenges to felony sentences under R.C. 2953.08(G)(2). *State v. Purley*, 2022-Ohio-2524, ¶ 8 (6th Dist.). R.C. 2953.08(G)(2) allows an appellate court

4.

to increase, reduce, or otherwise modify a sentence, or vacate the sentence and remand for resentencing if the court finds, by clear and convincing evidence, that either of the following apply: (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code" or (2) "the sentence is otherwise contrary to law."

{¶ 13} In *State v. Gwynne*, 2023-Ohio-3851, the Supreme Court of Ohio noted that clear and convincing evidence is defined as "'that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 14, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. The *Gwynne* court directed that an appellate court "must have a firm belief or conviction that the record does not support the trial court's findings before it may increase, reduce, or otherwise modify consecutive sentences." *Id.* at ¶ 15.

{¶ 14} R.C. 2929.41(A) provides that "a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment" unless an exception applies. In this case, an exception found in R.C. 2929.14(C)(4) applies, which states:

> If multiple prison terms are imposed on an offender for convictions of
> multiple offenses, the court may require the offender to serve the prison

terms consecutively if the court finds that the consecutive service is

necessary to protect the public from future crime or to punish the offender

and that consecutive sentences are not disproportionate to the seriousness of

the offender's conduct and to the danger the offender poses to the public,

and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the

offender was awaiting trial or sentencing, was under a sanction imposed

pursuant to section . . . 2929.17 . . . of the Revised Code[.]

. . .

(c) The offender's history of criminal conduct demonstrates that

consecutive sentences are necessary to protect the public from future crime

by the offender.

{¶ 15} When a trial court imposes consecutive terms of imprisonment, the "trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 2014-Ohio-3177, syllabus.

{¶ 16} Upon review, we find the trial court made the findings required by R.C. 2929.14(C)(4) both at Lantow's sentencing hearing and in its judgment entry. As we do not have a "firm belief or conviction" that the trial court's findings are not supported by the record, we find Lantow's assignment of error not-well taken.

6.

**{¶ 17}** The judgment of the Wood County Court of Common Pleas is affirmed.

Pursuant to App.R. 24, appellant is hereby ordered to pay the costs incurred on appeal.

Judgment affirmed.


Christine E. Mayle, J.                    _____
                                                              JUDGE

Myron C. Duhart, J.

                                                   _____
Charles E. Sulek, P.J.                                 JUDGE
CONCUR.

                                                   _____
                                                              JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.