[Cite as *State v. Gaskins*, 2019-Ohio-3830.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STATE OF OHIO,                          :

    Appellee,                          :          CASE NO. CA2019-02-015

    - vs -                               :          O P I N I O N
                                          9/23/2019
                                                 :

RICHARD GASKINS,                        :

    Appellant.                        :

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2018CR01104

D. Vincent Faris, Clermont County Prosecuting Attorney, Nick Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee

Robinson & Jones Co., L.P.A., Matthew E. Wiseman, 421 South Locust Street, Suite 203, Oxford, Ohio 45056, for appellant

**HENDRICKSON, P.J.**

{¶ 1}   Appellant, Richard Gaskins, appeals from the sentence he received in the Clermont County Court of Common Pleas for two counts of pandering obscenity involving a minor.  For the reasons discussed below, we affirm appellant's sentence.

{¶ 2}   On December 3, 2018, appellant was charged with two counts of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(5), felonies of the fourth degree.

The charges arose out of allegations that appellant, a nearly 40-year-old man, photographed A.S., a 16-year-old girl, performing oral sex on him. At the time the offenses were committed, appellant was on postrelease control after serving a 13-year prison term for involuntary manslaughter.

{¶ 3} On December 18, 2018, appellant pled guilty to the charges in exchange for the state dismissing an indictment in Clermont County Common Pleas Case No. 2018CR00705, wherein appellant had been charged with a second-degree felony for the illegal use of a minor in a nudity-oriented material or performance. Appellant pled guilty after the state's recitation of the following facts:

> [W]ith respect to Count[s] I and II, both counts indicate on or about July 20th, 2018, in * * * Clermont County, State of Ohio, the defendant did with knowledge of the character of the material or the performance involved did buy, procure, possess, or control any obscene material that has a minor as one of its participants in that specifically defendant had received oral sex from A.S., with a date of birth being 12/21/2001, and took multiple photographs of the encounter with the then sixteen-year-old girl. The photographs were retrieved by law enforcement where the defendant admitted to taking the photographs, but indicat[ed] that the conduct was consensual.

The trial court accepted appellant's guilty plea, set the matter for sentencing, and ordered that a presentence-investigative report ("PSI") be prepared.

{¶ 4} At the January 24, 2019 sentencing hearing, defense counsel requested that the court impose community control sanctions rather than a prison term. Counsel noted appellant had taken responsibility and regretted his actions and commented that the relationship between appellant and the victim had been consensual. Appellant then addressed the court, stating "I've done wrong" and "regret what happened." The state requested a prison term be imposed on appellant, noting appellant had a significant criminal record and was on postrelease control at the time the current offenses were committed.

{¶ 5} After reviewing the PSI and victim impact statement and considering the

information presented at the sentencing hearing, the trial court determined that community control was not an appropriate sanction and that a prison term was warranted. The trial court imposed 18-month prison terms on each count of pandering obscenity involving a minor and ordered that the terms be served consecutively, for an aggregate prison term of 36 months. The court made the necessary consecutive sentencing findings, informed appellant that he would be subject to a mandatory five-year period of postrelease control upon his release from prison, classified appellant as a Tier II sex offender, and ordered appellant to pay court costs. The court also imposed a sanction on appellant for violating his postrelease control relating to his prior conviction for involuntary manslaughter. Appellant was ordered to serve the 1,199 days remaining on his five-year term of postrelease control consecutively to the aggregate 36-month prison term.

{¶ 6} Appellant timely appealed his sentence, raising the following assignment of error:

{¶ 7} THE TRIAL COURT ERRED BY IMPOSING A MAXIMUM PRISON SENTENCE THAT WAS NOT SUPPORTED BY THE RECORD.

{¶ 8} In his sole assignment of error, appellant argues "the maximum prison sentence of 18 months to be served consecutively on each of the two counts [he] pled guilty to in addition to the postrelease control supervision time that was imposed * * * was excessive and not supported by the record." Appellant concedes that the aggregate 36-month prison sentence as well as the 1,199 days imposed for the violation of his postrelease control were "statutorily authorized by law," but he nonetheless contends that his sentence is improper because the trial court "did not adequately consider the statutory sentencing factors."

{¶ 9} We review the imposed sentence under the standard of review set forth in R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum,* 146 Ohio St.3d 516,

2016-Ohio-1002, ¶ 1; *State v. Crawford,* 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6. Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion. *Marcum* at ¶ 10. Rather, R.C. 2953.08(G)(2) compels an appellate court to modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers,* 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8; *State v. Julious,* 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg,* 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1, citing *Marcum* at ¶ 7.

{¶ 10} The trial court had discretion to impose a prison sentence on appellant as he pled guilty to two fourth-degree felony sex offenses and he had previously served a prison term. *See* R.C. 2929.13(B)(1)(b)(v), (x). In determining an appropriate sentence, the trial court was required to "comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code." R.C. 2929.13(B)(2).

{¶ 11} The purposes of felony sentencing are to protect the public from future crime by the offender, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. R.C. 2929.11(A). A felony sentence must be reasonably calculated to achieve the purposes set

forth in R.C. 2929.11(A) "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). In sentencing a defendant, a trial court is not required to consider each sentencing factor, but rather to exercise its discretion in determining whether the sentence satisfies the overriding purpose of Ohio's sentencing structure. *State v. Littleton*, 12th Dist. Butler No. CA2016-03-060, 2016-Ohio-7544, ¶ 12. The factors set forth in R.C. 2929.12 are nonexclusive, and R.C. 2929.12 explicitly allows a trial court to consider any relevant factors in imposing a sentence. *State v. Birt,* 12th Dist. Butler No. CA2012-02-031, 2013-Ohio-1379, ¶ 64.

{¶ 12} After a thorough review of the record, we find no error in the trial court's decision to sentence appellant to 18 months in prison for each of his fourth-degree felony offenses. The record plainly reveals that appellant's sentence is not clearly and convincingly contrary to law as the court properly considered the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, informed appellant he would be subject to a mandatory five-year period of postrelease control upon his release from prison, sentenced appellant within the permissible statutory range for his fourth-degree felonies in accordance with R.C. 2929.14(A)(4), and properly imposed a prison term of 1,199 days for appellant's postrelease control violation.

{¶ 13} In fashioning appellant's sentence, the trial court specifically stated it found appellant's conduct more serious rather than less serious than conduct normally constituting the offense of pandering obscenity involving a minor. The court further found that appellant was more likely rather than less likely to commit future crimes. In making these determinations, the court noted that appellant's relationship with the victim's family facilitated the offenses committed against the 16-year-old victim and that appellant had a lengthy criminal history that began in 1991, when appellant was a juvenile. The court discussed

appellant's juvenile delinquency adjudications for assault, theft, grand theft, falsification, obstructing justice, criminal trespass, disorderly conduct, and violating court orders, as well as appellant's adult convictions for driving under suspension, operating a vehicle without a valid license, domestic violence, resisting arrest, disorderly conduct, possession of marijuana, involuntary manslaughter, and menacing by stalking. The court noted the involuntary manslaughter conviction was a "very serious offense" that involved appellant shooting another individual in the head with a .22 caliber revolver. Merely three months after being released from a 13-year prison sentence related to that offense, appellant committed menacing by stalking. He made daily phone calls and had unwanted contact with his estranged wife before attempting to run her off the road or block the roadway. Appellant also committed the present offenses of pandering obscenity involving a minor while on postrelease control for involuntary manslaughter.

{¶ 14} The court also considered appellant's behavior while institutionalized. The court noted that while imprisoned, appellant had numerous rule infractions for fighting and making threats of bodily harm, for possessing contraband and other items he was not permitted to possess, and for disrespecting and abusing corrections officers. On one occasion, appellant got in the face of a corrections officer and stated, "I'm not going to do what you want me to do; I swear I'm going to break your jaw, you sorry-ass bastard."

{¶ 15} Appellant argues that despite his lengthy criminal history, the court should not have imposed consecutive 18-month prison terms for his convictions as he did not have a prior conviction involving sexually inappropriate behavior, the conduct giving rise to the charges was consensual, the victim's mother knew about the nature of his relationship with the victim, and he accepted full responsibility for his actions by pleading guilty. We find appellant's arguments to be without merit. As this court has previously recognized, it is "[t]he trial court [that], in imposing a sentence, determines the weight afforded to any particular

- 6 -

statutory factors, mitigating grounds, or other relevant circumstances." *State v. Steger*, 12th Dist. Butler No. CA2016-03-059, 2016-Ohio-7908, ¶ 18, citing *State v. Stubbs*, 10th Dist. Franklin No. 13AP-810, 2014-Ohio-3696, ¶ 16. The fact that the trial court chose to weigh various sentencing factors differently than how appellant would have weighed them does not mean the trial court erred in imposing appellant's sentence. Although appellant does not have any prior convictions involving sexual offenses, this does not mitigate his actions or extensive criminal history or otherwise diminish the court's need to fashion a sentence that protects the public from his criminal wrongdoing.

{¶ 16} Furthermore, while the sexual relationship between appellant and his 16-year-old victim may have been consensual, the conduct giving rise to the pandering obscenity offenses was photographing and possessing images of the underage victim participating in sexual conduct. The minor victim could not consent to being featured in sexually oriented material. Similarly, the victim's mother, even if she knew about appellant's relationship with her minor daughter, could not have lawfully consented to appellant photographing the minor victim engaging in sexual conduct. Furthermore, such consent would not mitigate appellant's conduct but, rather, make the victim's mother complicit to the offenses.

{¶ 17} Accordingly, for the reasons stated above, we find that appellant's sentence is not clearly and convincingly contrary to law and that the record supports the trial court's imposition of consecutive 18-month prison terms on each count of pandering obscenity involving a minor followed by a 1,199-day prison term for violating the terms of his postrelease control. In imposing consecutive prison terms, the trial court complied with the requirements of R.C. 2929.14(C)(4) by making the necessary consecutive sentencing findings both at the sentencing hearing and in the sentencing entry. *See, e.g. State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 37; *State v. Slamka*, 12th Dist. Butler No. CA2018-10-200, 2019-Ohio-3317, ¶ 19-23. Appellant's arguments challenging his sentence

are therefore without merit and his sole assignment of error is overruled.

{¶ 18} Judgment affirmed.


S. POWELL and M. POWELL, JJ., concur.