[Cite as *State v. Shaffer*, 2020-Ohio-4386.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, Jr., J. |
| | : | |
| | : | Case Nos. 2019-CA-00149 |
| -vs- | : | 2019-CA-00189 |
| | : | 2019-CA-00190 |
| | : | 2019-CA-00191 |
| JORDAN T. SHAFFER | : | 2019-CA-00192 |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeals from the Court of Common Pleas, Case Nos. 2010-CR-0668, 2013-CR-1748B, 2014-CR-1206, 2016-CR-1624, 2017-CR-0877


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      September 9, 2020


APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
PROSECUTING ATTORNEY
STARK COUNTY, OHIO

By: KRISTINE W. BEARD
110 Central Plaza South
Suite 510
Canton, OH 44702-1413

For Defendant-Appellant

JORDAN T. SHAFFER, PRO SE
#764-974
Lake Erie Correctional Institution
501 Thompson Road
P.O. Box 8000
Conneaut, OH 44030

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Jordan T. Shaffer, appeals the August 27 and 28, 2019, and September 17, 2019 judgment entries of the Court of Common Pleas of Stark County, Ohio, denying his motion to vacate postrelease control.  Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On August 6, 2010, the Honorable John G. Haas sentenced appellant to two years in prison and imposed three years of mandatory postrelease control after appellant pled guilty to robbery in violation of R.C. 2911.02 (Case No. 2010CR0668). Appellant did not filed an appeal.

{¶ 3}   On April 15, 2014, the Honorable John G. Haas sentenced appellant to three years of community control and imposed three years of optional postrelease control after appellant pled guilty to possession of cocaine in violation of R.C. 2925.11 and possession of drug paraphernalia in violation of R.C. 2925.14 (Case No. 2013CR1748B).  Appellant did not filed an appeal.

{¶ 4}   On September 8, 2014, the Honorable J. Curtis Werren sentenced appellant to six months in prison and imposed three years of optional postrelease control after appellant pled guilty to possession of heroin in violation of R.C. 2925.11 (Case No. 2014CR1206).  Appellant did not filed an appeal.

{¶ 5}   On November 7, 2016, the Honorable John G. Haas sentenced appellant to an aggregate six months in prison and imposed three years of optional postrelease control after appellant pled guilty to possession of heroin and aggravated possession of

drugs in violation of R.C. 2925.11 (Case No. 2016CR1624).  Appellant did not filed an appeal.

{¶ 6}   On June 29, 2017, the Honorable Kristin G. Farmer sentenced appellant to six months in prison and imposed three years of optional postrelease control after appellant pled guilty to aggravated possession of drugs in violation of R.C. 2925.11 (Case No. 2017CR0877).  Appellant did not filed an appeal.

{¶ 7}   Appellant filed identical motions to vacate postrelease control in the respective cases on August 19 and 27, 2019.  By judgment entries filed on August 27 and 28, 2019, and September 17, 2019, each trial court denied its respective motion.

{¶ 8}   Appellant filed an appeal in each case and was given five separate appellate case numbers.  Appellant filed his brief with three assignments of error on January 23, 2020.  Appellant filed a second appellate brief with one assignment of error on March 16, 2020.  On April 2, 2020, appellee moved to strike the second brief.  The motion was taken under advisement.  Appellee filed its appellate brief on May 26, 2020, addressing all four assignments of error.  The one assignment of error listed in the second brief is merely an overall general assignment incorporating the arguments of the three assignments of error listed in the first brief.  Given appellee's opportunity to address all of the assignments of error, appellee's motion to strike appellant's second appellate brief filed on March 16, 2020, is denied.  Assignments of error are as follows:

I

{¶ 9}  "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED SHAFFER'S MOTION TO VACATE POST-RELEASE CONTROL DUE TO THE FACT THAT IT DID NOT INCLUDE A STATUTORILY MANDATED TERM OF

POST-RELEASE CONTROL INTO THE SENTENCING ENTRY WHICH RENDERS THE POST-RELEASE CONTROL OF SHAFFER'S SENTENCE VOID."

II

{¶ 10} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DID NOT REFERENCE THE CORRECT DIVISION OR A DIVISION WHATSOEVER OF SENTENCING STATUTE R.C. 2929.19 AS APPLICABLE TO SHAFFER INTO ITS SENTENCING ENTRY."

III

{¶ 11} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DID NOT SUFFICIENTLY INCORPORATE NOTICE OF POST-RELEASE CONTROL INTO ITS SENTENCE ENTRY AS MANDATED UNDER 'GRIMES.'  SPECIFICALLY, THE SENTENCE ENTRY DID NOT CONTAIN THE CURRENT ADVISEMENT THAT 'ANY VIOLATION BY THE OFFENDER OF THE CONDITIONS OF POST-RELEASE CONTROL WILL SUBJECT THE OFFENDER TO THE CONSEQUENCES SET FORTH IN THAT STATUTE' (R.C. 2967.28)."

IV

{¶ 12} "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO VACATE POST-RELEASE CONTROL"

I,  II, III, IV

{¶ 13} Each of these assignments of error challenge the trial courts' denials of appellant's respective motion to vacate postrelease control and will be addressed collectively.

{¶ 14} In his motion to vacate postrelease control, appellant argued because the sentencing entries did not properly impose postrelease control, the sentences are void and he is not subject to any postrelease control. In support of his arguments, appellant cited *State v. Fischer,* 128 Ohio St.3d, 2010-Ohio-6238, 942 N.E.2d 332, *State v. Grimes,* 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, and *State v. Baker,* 9th Dist. Summit No. 26411, 2012-Ohio-5645, which relied on *State v. Billiter,* 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960. *Fischer, Grimes,* and *Billiter* have all specifically been overruled by the Supreme Court of Ohio in *State v. Harper,* --- Ohio St.3d ---, 2020-Ohio-2913, --- N.E.3d ---.

{¶ 15} In *Harper* at ¶ 39, the Supreme Court of Ohio acknowledged "now is the time to realign our void-sentence jurisprudence" and stated the following at ¶ 40:

> For all of the reasons stated above, we overrule our precedent to the extent that it holds that the failure to properly impose postrelease control in the sentence renders that portion of a defendant's sentence void. We do this not because we reject the precept that courts lack authority to substitute a different sentence for that provided by statute, but because noncompliance with requirements for imposing postrelease control is best remedied the same way as other trial and sentencing errors—through timely objections at sentencing and an appeal of the sentence.

{¶ 16} The *Harper* court concluded the following at ¶ 42-43:

A sentence is void when a sentencing court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the accused. When the sentencing court has jurisdiction to act, sentencing errors in the imposition of postrelease control render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal.

Having realigned our jurisprudence with the traditional understanding of void and voidable sentences, we caution prosecuting attorneys, defense counsel, and pro se defendants throughout this state that they are now on notice that any claim that the trial court has failed to properly impose postrelease control in the sentence must be brought on appeal from the judgment of conviction or the sentence will be subject to res judicata. *See* R.C. 2953.02 (providing for appeals in criminal cases); 2953.08 (providing for prosecution and defense appeals of felony sentences); 2945.67 (providing when the prosecution may appeal).

{¶ 17} Appellant has not made any arguments that any of the trial courts lacked jurisdiction over the subject-matter of his case or personal jurisdiction over him. A review of each case indicates the respective trial court had subject-matter and personal jurisdiction to sentence appellant. Article IV, Section 4(B), Ohio Constitution; R.C. 2931.03. Therefore, any challenges to the imposition of postrelease control should have been addressed on direct appeal. Appellant did not file a direct appeal in any of

his cases. Because appellant could have raised his arguments regarding postrelease control on appeal, he is now barred by the doctrine of res judicata. *Harper, supra*; *Accord State v. Hudson,* --- Ohio St.3d ---, 2020-Ohio-3849, --- N.E.3d --- (applying the doctrine of res judicata to a case involving the denial of a motion to vacate postrelease control filed over a decade after the direct appeal wherein postrelease control was not challenged).

{¶ 18} As explained by the Supreme Court of Ohio in *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus:

Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

{¶ 19} Upon review, we find each of the trial courts did not err in denying appellant's motion to vacate postrelease control.

{¶ 20} Assignments of Error I, II, III, and IV are denied.

{¶ 21} The judgments of the Court of Common Pleas of Stark County, Ohio are hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.


EEW/db