[Cite as *State v. Gaskins*, 2022-Ohio-3688.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-12-073 |
| | : | O P I N I O N |
| - vs - | | 10/17/2022 |
| | : | |
| RICHARD GASKINS, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2018 CR 01104


Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas Horton, Assistant Prosecuting Attorney, for appellee.

Christopher Bazeley, for appellant.



**BYRNE, J.**

{¶1} Richard Gaskins appeals from a decision of the Clermont County Court of Common Pleas which denied his "Motion to Vacate Post Release Control Sanctions." The trial court found Gaskins' motion to be an untimely-filed petition for postconviction relief and

further found that res judicata barred Gaskins' arguments set forth in the motion. For the reasons described below, we affirm the trial court's decision.

## I. Procedural History

{¶2} Gaskins served a 13-year prison term for involuntary manslaughter in a case that originated in Hamilton County, Ohio. In 2017, the Hamilton County Court of Common Pleas discharged Gaskins from prison on that offense and placed him on a five-year term of postrelease control.

{¶3} In December 2018, in Clermont County, the state charged Gaskins in a bill of information with two counts of pandering obscenity involving a minor, in violation of R.C. 2907.321(A)(5). Gaskins subsequently pleaded guilty to both counts. The Clermont County Court of Common Pleas sentenced Gaskins to 18 months in prison on both counts, served consecutively, for a total of 36 months. The Clermont County court further noted that as of the date of the sentencing hearing, Gaskins still had 1,199 days of postrelease control remaining with respect to the previous Hamilton County sentence. Accordingly, the Clermont County court ordered that Gaskins serve that remaining 1,199 days of postrelease control time in prison, consecutive to the prison terms imposed for the pandering obscenity offenses, as a judicial sanction for violating the terms of his postrelease control.[1]

{¶4} In February 2019, Gaskins directly appealed his sentence to this court. Gaskins assigned one error, contending that the trial court erred by imposing a maximum prison sentence that was excessive and not supported by the record. We overruled Gaskins' assignment of error and found that the trial court correctly imposed sentences on

---

1. R.C. 2929.141(A)(1) provides that if a person on postrelease control commits a new felony, a court may (1) impose prison time for the new felony, and (2) terminate the existing postrelease control and impose additional prison time equaling up to the greater of 12 months or "the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony." R.C. 2929.141(A)(1). This additional prison sentence under R.C. 2929.141(A)(1) is sometimes referred to as a "judicial sanction." *State v. Miller*, 12th Dist. Brown No. CA2021-10-014, 2022-Ohio-1798, ¶ 11.

the pandering charges within the permissible statutory range. We further found that the trial court properly imposed a judicial sanction prison term of 1,199 days for Gaskins' violation of postrelease control. *State v. Gaskins*, 12th Dist. Clermont No. CA2019-02-015, 2019-Ohio-3830, ¶ 12, 17.

{¶5} Afterwards, Gaskins filed with this court a pro se motion to reopen his appeal, arguing ineffective assistance of appellate counsel and setting forth various arguments, including that he did not waive his right to an indictment, that he did not knowingly and voluntarily enter his plea, and that his counsel failed to object to "wrong post-release control sanctions." We denied Gaskins' motion to reopen.

{¶6} In February 2021, in the trial court, Gaskins filed a pro se "Motion to Vacate Post Release Control Sanctions." In it, Gaskins argued that the term of postrelease control imposed by the Hamilton County Court of Common Pleas was void because the trial court judge in that case never informed him that postrelease control was mandatory or of the length of postrelease control. As a result, Gaskins argued, the Clermont County court could not lawfully impose a judicial sanction for Gaskins' violation of that void postrelease control sentence.

{¶7} The Clermont County trial court denied Gaskins' "Motion to Vacate Post Release Control Sanctions." As an initial matter, the court indicated that it would construe Gaskins' motion as an irregularly-cast petition for postconviction relief. The trial court found that Gaskins had not timely filed his petition pursuant to the timeliness requirements set forth under R.C. 2953.21(A)(2). The court further found that Gaskins had not demonstrated that any of the R.C. 2953.23(A)(1) exceptions to the R.C. 2953.21(A)(2) timeliness requirements applied. On this basis, the court found that it lacked jurisdiction to consider the merits of Gaskins' "Motion to Vacate Post Release Control Sanctions."

{¶8} The trial court further found that even if Gaskins' motion was not an untimely

petition for postconviction relief, res judicata barred the arguments set forth in the motion. The court found that res judicata applied because Gaskins could have challenged the imposition of the judicial sanction during his direct appeal. Citing the Ohio Supreme Court's decision in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, the trial court observed that even if it had erred in imposing the judicial sanction for Gaskins' violation of the terms of postrelease control, the error did not render Gaskins' sentence void, but rather only voidable. This was the case because the trial court had imposed the judicial sanction in an exercise of its jurisdiction and the purported error was thus only subject to review on direct appeal. Accordingly, the trial court found that res judicata barred Gaskins' argument challenging its imposition of the judicial sanction.

{¶9} Gaskins appealed, raising two assignments of error. We address those assignments of error out of the order presented by Gaskins.

## II. Law and Analysis

### A. Res Judicata

{¶10} Assignment of Error No. 2:

{¶11} THE TRIAL COURT ERRED IN FINDING THAT GASKINS' MOTION TO VACATE [POSTRELEASE CONTROL] IS BARRED BY RES JUDICATA.

{¶12} As explained above, Gaskins argued in his motion that the Clermont County trial court could not lawfully impose a judicial sanction for Gaskins' violation of the terms of his Hamilton County postrelease control sentence because the postrelease control sentence itself was void. The Clermont County trial court found that, even if Gaskins' motion was not an untimely petition for postconviction relief, res judicata barred Gaskins' argument because that argument could have been raised on direct appeal.

{¶13} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any

proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St. 2d 175, 176 (1967). A determination of whether the doctrine of res judicata bars an action is a question of law which this court reviews de novo. *State v. Lindsey*, 12th Dist. Brown No. CA2002-02-002, 2003-Ohio-811, ¶ 21.

{¶14} A voidable conviction or sentence may only be challenged on direct appeal, and res judicata bars later attempts to make arguments that could have been raised on direct appeal. *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, ¶ 17, 19. A void conviction or sentence may be challenged at any time, including after the conviction or sentence has become final. *See Harper*, 2020-Ohio-2913 at ¶ 18. Res judicata does not bar subsequent, post-direct appeal challenges to void convictions or sentences. *See Henderson* at ¶ 17.

{¶15} The trial court's conclusion that Gaskins' argument was barred by res judicata because Gaskins could have raised that argument in his direct appeal was a straightforward application of res judicata. *Henderson* at ¶ 17, 19; *Harper* at ¶ 41. In fact, Gaskins anticipated the trial court's conclusion and argued in his motion that res judicata was not available in this case because the judicial sanction itself was "void" (rather than "voidable") and could be challenged at any time.[2] Gaskins relied on *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, in support of his argument. In that case the Ohio Supreme Court held that "[w]hen a criminal defendant is improperly sentenced to postrelease control, res judicata does not bar the defendant from collaterally attacking his conviction for escape due

---

2. Gaskins appears to argue that the Hamilton County postrelease control sentence and the Clermont County judicial sanction were both "void."

to an earlier postrelease-control [sic] sentencing error." *Id.* at the syllabus.

{¶16} The trial court did not analyze whether *Billiter* truly supported Gaskins' argument; instead, the court simply—and correctly—noted that *Billiter* was overruled by the Ohio Supreme Court's decision in *Harper*, 2020-Ohio-2913.[3] The trial court then found that *Harper* permitted the application of res judicata in this case.

{¶17} In *Harper*, the Ohio Supreme Court overruled its prior case law regarding the effect of the improper imposition of postrelease control. *Id.* at ¶ 4, 40, 42-43. The supreme court held that so long as a case is within a court's subject-matter jurisdiction and the court has personal jurisdiction over the accused, any error in imposing postrelease control renders the judgment voidable, rather than void, and the sentence may be set aside if the error has been successfully challenged on direct appeal. *Id.* at ¶ 4-5, 42-43. The supreme court further held that a voidable error in imposing postrelease control is not subject to collateral attack and that because Harper did not challenge the imposition of postrelease control in his direct appeal, res judicata precluded him from attempting to challenge it afterward. *Id.* at ¶ 5, 41.

{¶18} Gaskins does not dispute that if *Harper* applies here, his argument is barred by res judicata. Instead, Gaskins argues that *Harper* is inapplicable because his conviction became final in March 2020, and the Ohio Supreme Court did not release *Harper* until two months later, in May 2020. Gaskins argues that a court can only apply *Harper* prospectively

---

3. Our conclusion that *Harper* overruled *Billiter* is well supported. In *Harper*, the supreme court held that "Because the [trial] court had the constitutional and statutory power to enter a finding of guilt and impose a sentence, any error in the exercise of its jurisdiction in failing to properly impose postrelease control rendered the judgment of conviction voidable, not void, and it is not subject to collateral attack. Therefore, to the extent any prior case conflicts with our holding today, it is overruled." *Id.* at ¶ 5. In *State v. Hudson*, 161 Ohio St.3d 166, 2020-Ohio-3849, the Ohio Supreme Court acknowledged that *Harper* overruled *Billiter*. *Id.* at ¶ 12-14. Other courts have reached the same conclusion. *State v. Taylor*, 2d Dist. Greene Nos. 2019-CA-77 and 2020-CA-6, 2021-Ohio-1670, ¶ 45 (acknowledging that *Harper* overruled *Billiter*); *State v. Hedges*, 11th Dist. Lake No. 2019-L-135, 2020-Ohio-4528, ¶ 10; *State v. Shaffer*, 5th Dist. Stark Nos. 2019-CA-00149, 2019-CA-00189 thru 192, 2020-Ohio-4386, ¶ 14.

and that the law in effect at the time of his conviction and sentence—that is, *Billiter*—was that the improper imposition of postrelease control made his sentence void (not merely voidable) and subject to collateral attack at any time, and thus not subject to res judicata. In essence, Gaskins argues that even if *Harper* overruled *Billiter*, *Billiter* should still apply in his case and bar the application of res judicata because his conviction became final before *Billiter* was overruled.

{¶19} Gaskins is incorrect. The Ohio Supreme Court has already, on two occasions, applied *Harper* to convictions that became final before the supreme court issued *Harper*. First, in *Henderson*, 2020-Ohio-4784, the Ohio Supreme Court applied, clarified, and expanded on its decision in *Harper*, holding that "sentences"—that is, all sentences, not just those involving postrelease control—"based on an error, including sentences in which a trial court fails to impose a statutorily mandated term, are voidable if the court imposing the sentence has jurisdiction over the case and the defendant." *Id.* at ¶ 1. The conviction at issue in *Henderson* was made final before the supreme court issued *Harper*, and yet the supreme court did not hesitate to apply *Harper*'s reasoning to that sentence. *Id.* at ¶ 2. Second, in *State v. Hudson*, 161 Ohio St.3d 166, 2020-Ohio-3849, the supreme court again applied *Harper* in holding that res judicata barred an argument regarding a sentencing error in a conviction that became final more than a decade before *Harper* was issued. *Id.* at ¶ 5, 8, 9, 19.

{¶20} The Tenth District Court of Appeals, in applying *Harper* to a sentence that became final before *Harper* was issued, correctly noted that if *Harper* were not to be applied "retroactively," then "*Henderson* would have been decided differently." *In re D.M.*, 10th Dist. Franklin No. 21AP-118, 2022-Ohio-108, ¶ 8, 10. The same is true with regard to *Hudson*.

{¶21} In arguing that *Harper* is inapplicable, Gaskins cites *Ali v. State*, 104 Ohio

St.3d 328, 2004-Ohio-6592. In *Ali*, the defendant requested resentencing based on a supreme court case issued after the defendant's conviction had become final, wherein the supreme court held that sentencing courts were required, pursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), to make certain statutorily enumerated findings before imposing consecutive sentences. *Id.* at ¶ 3-4. The court rejected the defendant's demand for resentencing, holding that "[a] new judicial ruling may be applied only to cases that are pending on the announcement date." *Id.* at ¶ 6. However, there is no retroactivity problem here because, unlike in *Ali*, the Ohio Supreme Court did not announce a new rule of law in *Harper*. Instead, it overruled its previous case law. See *Peerless Elec. Co. v. Bowers*, 164 Ohio St. 209, 210 (1955) ("The general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law").

{¶22} *Henderson* and *Hudson* demonstrate that *Harper* applies to sentences that became final before the court issued *Harper*. We conclude that, contrary to Gaskins' argument, *Harper* has retrospective effect. Accordingly, the date Gaskins' sentence became final is irrelevant for purposes of considering whether res judicata bars his collateral attack on the judicial sanction prison term for violation of postrelease control.

{¶23} Upon review, we find that the trial court did not err in holding that Gaskins' argument in his "Motion to Vacate Post Release Control Sanctions" was barred by res judicata. Pursuant to *Harper*, the trial court correctly determined that res judicata barred Gaskins' post-direct appeal, collateral challenge to the imposition of a judicial sanction for Gaskins' violation of postrelease control. Assuming, without deciding, that the trial court erred in imposing a judicial sanction prison term, such a decision was within the subject-matter jurisdiction of the trial court and Gaskins was properly before that court. Any error, if such existed, would render Gaskins' sentence merely voidable, not void. *Harper*, 2020-

Ohio-2913 at ¶ 4-5, 42-43. Res judicata therefore barred Gaskins from raising in his motion the argument that the Clermont County trial court could not impose a judicial sanction for his violation of his postrelease control because of an error in the Hamilton County court's imposition of postrelease control. *Id.* at 5, 41. This argument could have been raised by Gaskins during his direct appeal, and in fact, in deciding that appeal, we found that the trial court properly imposed a judicial sanction prison term of 1,199 days for Gaskins' violation of postrelease control. *Gaskins*, 2019-Ohio-3830 at ¶ 12, 17.

{¶24} We overrule Gaskins' second assignment of error.

## B. Untimeliness

{¶25} Assignment of Error No. 1:

{¶26} THE TRIAL COURT'S DETERMINATION THAT GASKINS' MOTION TO VACATE PRC WAS A PETITION FOR POST-CONVICTION RELIEF WAS AN ABUSE OF DISCRETION.

{¶27} Gaskins contends that the trial court abused its discretion in construing his "Motion to Vacate Post Release Control Sanctions" as a petition for postconviction relief. However, our decision above with respect to the effect of res judicata renders this argument moot. That is, whether or not the trial court erred in construing Gaskins' motion as a petition for postconviction relief, res judicata still barred his argument that the Clermont County court could not impose a judicial sanction sentence because the Hamilton County court failed to properly impose postrelease control. *Harper* at ¶ 43. We need not resolve an assignment of error mooted by the resolution of another assignment of error. App.R. 12(A)(1)(c). We therefore decline to address Gaskins' first assignment of error.

## III. Conclusion

{¶28} The trial court properly found that res judicata barred Gaskins' collateral attack on the imposition of a judicial sanction. Accordingly, the court did not abuse its discretion

in denying Gaskins' motion.

{¶29} Judgment affirmed.


PIPER, P.J., and S. POWELL, J., concur.