[Cite as *State v. Hale*, 2024-Ohio-4621.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-11-124 |
| - vs - | : | O P I N I O N<br>9/23/2024 |
| | : | |
| JOSHUA E. HALE, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR 2000 05 0701


Michael T. Gmoser, Butler County Prosecuting Attorney, and John Heinkel, Assistant Prosecuting Attorney, for appellee.

Joshua E. Hale, pro se.


**HENDRICKSON, J.**

{¶ 1} Joshua E. Hale appeals the trial court's denial of his motion to vacate his judgment of conviction as void. For the reasons that follow, we affirm the decision of the trial court.

**I. Factual and Procedural Background**

{¶ 2} On March 14, 2000, a complaint was filed in the Butler County Juvenile

Court alleging that 17-year-old Hale was delinquent for committing rape in violation of R.C. 2907.02. Hale had been previously convicted of a felony and was in prison. In April 2000, during bindover proceedings, the juvenile court found probable cause to believe that Hale had committed the alleged rape. By statute, bindover for prosecution in adult court was mandatory. The juvenile court transferred the case to the General Division of the Butler County Court of Common Pleas.

**{¶ 3}** In adult court, Hale was indicted in July 2000 on one count of rape of a child under 13 years of age in violation of R.C. 2907.02(A)(1)(b), a first-degree felony. The indictment included the force specification in R.C. 2907.02(B) alleging that Hale had compelled the victim to submit by force or threat of force, which carried a penalty of life in prison. A jury found Hale guilty as charged, and the trial court imposed a ten-year sentence for the rape and a life sentence for the force specification.[1] We affirmed Hale's conviction. *State v. Hale*, 2003-Ohio-4448 (12th Dist.).

**{¶ 4}** Hale subsequently filed two successive petitions for postconviction relief. He filed the first petition in November 2004, which the trial court denied. In December 2021, Hale filed a second petition, claiming that his life sentence was unconstitutional. The trial court also denied this petition, and we affirmed. *State v. Hale*, 2023-Ohio-3199 (12th Dist.).

**{¶ 5}** In May 2023, Hale, acting pro se, filed a motion in the trial court titled "Motion to Vacate Judgment of Conviction as Void Ab Initio Due to a Jurisdictional Defect in the Bindover Process." The motion was predicated on the then-recent Ohio Supreme Court decision *State v. Smith*, 2022-Ohio-274, which held that an adult court lacks subject-

---

1. Although this is how Hale's sentence is described in the judgment of conviction, it is not quite accurate. Under the relevant statutes in effect when Hale was sentenced, R.C. 2907.02(B) and 2967.13(A)(5), his sentence is better described as life imprisonment with the possibility of parole after ten years, or put another way, a mandatory, indefinite sentence of 10-years-to-life in prison.

matter jurisdiction over any act charged against a juvenile for which the juvenile court, during bindover proceedings, did not find probable cause. Hale's argument, grounded in *Smith*, was that, in his case, the force specification was absent from both the juvenile-court complaint and the bindover entry. Given this absence, Hale contended that the juvenile court could not have found probable cause for the force specification. Following the logic of *Smith*, if there was no probable-cause finding for the force specification in juvenile court, the adult court would lack subject-matter jurisdiction over this specific aspect of the charge. Therefore, Hale argued, his conviction and sentence for the force specification are void.

{¶ 6} On November 3, 2023, the trial court, construing Hale's motion to vacate as a petition for postconviction relief, concluded that *Smith* did not apply to void Hale's conviction or sentence and denied the motion. Hale appealed.

## II. Analysis

{¶ 7} Hale's sole assignment of error alleges:

> The Defendant's Judgment of Conviction as to the specification of force is void ab initio since the Butler County Common Pleas Court lacked subject matter jurisdiction over the specification because the juvenile court did not find probable cause for the specification, thus there was a jurisdictional defect in the bindover process.

{¶ 8} Hale contends that the trial court erred in denying his motion to vacate his conviction on the grounds that it was void from its inception due to a jurisdictional flaw in the juvenile-to-adult court bindover process. At the heart of Hale's argument lies the claim that he was indicted and subsequently convicted on a charge—specifically, the force specification—that was never properly transferred from juvenile court to adult court.

{¶ 9} Postconviction proceedings in Ohio constitute "a collateral civil attack on the judgment." *State v. Calhoun*, 86 Ohio St.3d 279, 281, 1999-Ohio-102. The statutory

framework governing postconviction proceedings provides a structured system for postconviction relief. This framework, found in R.C. 2953.21 and 2953.23, permits individuals convicted of criminal offenses to petition for postconviction relief if they fall within one of four statutorily defined categories. *State v. Miller*, 2023-Ohio-3448, ¶ 19, citing R.C. 2953.21(A)(1)(a)(i)-(iv). However, this statutory scheme imposes significant limitations. Petitioners are generally restricted to a single petition, and strict time constraints apply for filing. *State v. Johnson*, 2024-Ohio-134, ¶ 1, citing R.C. 2953.23 and 2953.21(A)(2). In this case, Hale's motion to vacate his conviction is a collateral attack on his judgment of conviction, but it does not align with any of the four statutory categories for postconviction relief. In any event, it is both untimely (by a couple decades) and successive (his third petition), falling outside the prescribed statutory framework.

{¶ 10} Under normal circumstances, such procedural defects would be fatal to Hale's petition. However, Ohio law recognizes a critical exception to these procedural barriers when a petitioner alleges that a conviction or sentence is void. This exception stems from the fundamental principle that void judgments—those issued without proper jurisdiction or authority—are legal nullities from their inception. As articulated by the Ohio Supreme Court, the ability to challenge a void judgment at any time is intrinsic to its nature. *State v. Harper*, 2020-Ohio-2913, ¶ 18. Accordingly, we have said that "[a] void conviction or sentence may be challenged at any time, including after the conviction or sentence has become final." *State v. Gaskins*, 2022-Ohio-3688, ¶ 14 (12th Dist.) citing *id*. *See also State v. Covington*, 2020-Ohio-390, ¶ 12 (2d Dist.) (construing defendant's motion to vacate void judgment of conviction and sentence as an untimely petition for postconviction relief and addressing its merits); *State v. Alexander*, 2018-Ohio-1198, ¶ 15 (8th Dist.) (stating that "appellate courts . . . have addressed the merits of otherwise

untimely petitions to determine if any alleged errors rendered the defendant's sentence void").

{¶ 11} Hale's petition invokes this void-judgment doctrine. He contends that his conviction is void due to the trial court's alleged lack of subject-matter jurisdiction over the force specification in his indictment. *See generally State v. Henderson*, 2020-Ohio-4784, ¶ 34 ("A judgment or sentence is void . . . if it is rendered by a court that lacks subject-matter jurisdiction over the case"). His argument is grounded in the Ohio Supreme Court's 2022 decision in *Smith*, which Hale interprets as establishing a broad rule requiring juvenile courts to make explicit probable-cause findings for all charges and specifications before transferring jurisdiction to adult court. Hale's argument is twofold: first, he contends that the juvenile court found probable cause only for the base offense of rape, transferring only that charge to the adult court; second, he contends that the juvenile court's bindover entry omitted the force specification. Based on these premises and his interpretation of *Smith*, Hale argues that his conviction and sentence should have been limited to rape without the force specification, and that the portion of his conviction and sentence related to the force specification is void.

{¶ 12} Hale misinterprets *Smith*. The *Smith* case, far from establishing a sweeping mandate for juvenile courts, actually sets forth two specific and narrowly-tailored principles governing the transfer of juvenile cases to adult court. The first principle articulated in *Smith* is that a juvenile court must make an affirmative finding of probable cause before any charged act can be transferred. *See Smith* at ¶ 26. The second principle established by *Smith* pertains to the jurisdictional consequences of failing to make such a probable-cause finding. If a juvenile court does not make a probable-cause finding for a specific act, the adult court subsequently lacks the subject-matter jurisdiction necessary to convict the juvenile offender for that particular act. *Id.* at ¶ 44. Thus, the

holding in *Smith* addresses a specific and narrow situation—where a juvenile court has explicitly found no probable cause for a charged act. In such cases, the Ohio Supreme Court determined that the adult court lacks subject-matter jurisdiction over those charges. This is a precise and limited ruling, not a broad mandate. *Smith* did not impose a blanket requirement that juvenile courts make explicit findings on every potential charge or sentencing enhancement before transfer. Rather, the decision focused on the consequences of an explicit finding of no probable cause, not on the absence of explicit findings for every possible charge or enhancement. *Smith*, then, stands for the proposition that when a juvenile court actively rejects probable cause for a charge, that charge cannot proceed to adult court. It does not, however, mandate that juvenile courts must affirmatively and explicitly address every conceivable charge or sentencing factor in their bindover decisions.

{¶ 13} It is plain that *Smith* does not apply to void Hale's conviction or sentence. Unlike in *Smith*, there is no evidence here that the juvenile court explicitly rejected a finding of probable cause for the force specification. The juvenile court simply did not address the specification in its bindover entry. We note too that *Smith* involved a discretionary bindover, while Hale's case was a mandatory bindover due to his age and prior felony conviction. Some courts have concluded that *Smith*'s reasoning does not extend to mandatory bindover cases like this. *See State v. Hope*, 2022-Ohio-1753, ¶ 30 (8th Dist.) ("*Smith* involved a discretionary transfer proceeding . . ., and as a result the decision has no bearing on mandatory transfer proceedings . . .").

{¶ 14} That *Smith* does not apply in Hale's case is made manifest when considering the Ohio Supreme Court's subsequent clarification of *Smith*'s holding. In *State v. Burns*, 2022-Ohio-4606, the court held that after a case is transferred from juvenile court, the adult court may consider new charges that are "rooted in the acts that

were the subject of the juvenile complaint but were not specifically named in the individual acts transferred." *Burns* at ¶ 13. The court recently reaffirmed this holding in *State v. Williams*, 2024-Ohio-1433, ¶ 1, which held that:

> a defendant who was a juvenile when he committed an offense may be charged for and convicted of that offense in adult court even though a charge for the offense was not brought in juvenile court and considered in a bindover proceeding, if the charge is rooted in the same acts that were the subject of the juvenile complaint.

These holdings recognize the practical realities of criminal prosecution, where the precise contours of charges may evolve as an investigation progresses.

{¶ 15} Under *Burns* and *Williams*, the dispositive question is not whether the juvenile court made an explicit probable-cause finding for each charge and specification, but whether the charges in adult court were "rooted in" the acts considered by the juvenile court. In Hale's case, the force specification was rooted in the same act or conduct—the alleged rape—for which the juvenile court found probable cause. The specification did not involve any new or separate criminal acts beyond those considered in the bindover proceedings; it merely allowed for enhanced punishment based on the manner in which the underlying offense was committed. In these circumstances, the trial court had subject-matter jurisdiction to convict Hale on the force specification. Therefore the court did not err in overruling Hale's motion to vacate his conviction.

{¶ 16} Hale's sole assignment of error is overruled.

### III. Conclusion

{¶ 17} Having overruled Hale's assignment of error, the judgment of the trial court is affirmed.

S. POWELL, P.J., and M. POWELL, J., concur.

- 7 -