[Cite as *State v. Wesley*, 2025-Ohio-5690.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2024-09-112 |
| | : | <u>OPINION AND</u> |
| - vs - | | <u>JUDGMENT ENTRY</u> |
| | : | 12/22/2025 |
| DAVID M. WESLEY II, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR 2022 05 0669


Michael T. Gmoser, Butler County Prosecuting Attorney, and John C. Heinkel, Assistant Prosecuting Attorney, for appellee.

Engel & Martin, LLC, and Joshua A. Engel, for appellant


## $\overline{\textbf{O P I N I O N}}$


**BYRNE, P.J.**

{¶ 1} Appellant, David M. Wesley, appeals from his sentence in the Butler County

Court of Common Pleas, General Division, following his admission to a community control

violation. Wesley bases his appeal on the trial court's failure to provide certain postrelease control notifications which he argues it was required to provide at his original sentencing hearing and his later community control violation hearing. For the reasons discussed below, we overrule Wesley's assignment of error and affirm his sentence.

## I. Factual and Procedural Background

{¶ 2}   On May 18, 2022, Wesley was indicted by a Butler County grand jury on three counts of nonsupport of dependents in violation of R.C. 2919.21. All three counts were felonies of the fifth degree. On May 4, 2023, Wesley entered guilty pleas to Counts One and Two of the indictment; Count Three was dismissed. On July 13, 2023, Wesley was sentenced to, among other things, five years of community control on each count, with certain community control sanctions and conditions. Those conditions included the requirement that Wesley pay child support as ordered. This requirement to pay child support as ordered was also stated in Rule 12 of the "General Conditions of Supervision" document that Wesley signed. Wesley did not appeal his conviction and sentence for the two felony nonsupport offenses.

{¶ 3}   Over two years later, on August 14, 2024, a notice of alleged violation of the terms of Wesley's community control was filed. The notice stated that Wesley failed to pay his child support as ordered. On August 29, 2024, at a community control violation hearing, Wesley admitted the alleged violation. In accordance with R.C. 2929.15(B)(1)(c), the trial court then imposed consecutive prison terms of 11 months on both counts of nonsupport of dependents for which Wesley had previously been convicted. During the community control violation hearing the trial court orally advised Wesley:

> Mr. Wesley, upon your release from prison, you may be
> subjected to a period of post release control of up to two
> years. If you're placed on postrelease control, if you violate
> the postrelease control conditions and sanctions, the parole

- 2 -

authority could return you to prison or require that you serve more time in prison, up to one half of your original sentence on one or more postrelease control violations.

{¶ 4} Wesley timely filed a notice of appeal from the August 29, 2024 sentence. On appeal, Wesley raises one assignment of error for our review.

## II. Legal Analysis

{¶ 5} Wesley's Assignment of Error No. 1 states:

THE TRIAL COURT ERRED IN SENTENCING APPELLANT AS HIS SENTENCE IS CLEARLY AND CONVINCINGLY CONTRARY TO LAW.

{¶ 6} On appeal, for the first time, Wesley asserts that the trial court failed to provide necessary postrelease control notifications (1) at the original, July 13, 2023 sentencing hearing with respect to the felony nonsupport-of-dependents offenses, and (2) at the August 29, 2024 community control violation hearing. He argues that as a result of these failures his sentence "is not supported by clear and convincing evidence and is otherwise contrary to law," and we should remand for resentencing pursuant to R.C. 2953.08(G)(2). We find Wesley's arguments to be without merit.

## A. Background

{¶ 7} Section 2967.01(N) of the Revised Code defines "postrelease control" as "a period of supervision by the adult parole authority after a prisoner's release from imprisonment, other than under a term of life imprisonment, that includes one or more postrelease control sanctions imposed under section 2967.28 of the Revised Code." Citing this definition, the Supreme Court of Ohio further elaborated that postrelease control is "an additional term of supervision after an offender's release from prison that imposes certain restrictions on the offender and, if violated, it allows the [adult parole authority] to impose conditions and consequences, including prison time, on the offender." *State v. Bates*, 2022-Ohio-475, ¶ 21.

{¶ 8}   R.C. 2967.28, referenced in the R.C. 2967.01(N) definition of postrelease control, sets forth detailed requirements concerning postrelease control.

{¶ 9}   Another statute, R.C. 2943.032, requires trial courts to provide certain specific notifications about postrelease control to criminal defendants *before accepting guilty pleas* to felony charges.

{¶ 10}  Yet another statute, R.C. 2929.19, imposes a detailed scheme for certain notifications that a trial court must give to a felony offender at his or her sentencing hearing, with the specific notification requirements depending in part on the degree of the felony offense. *State v. Bryars*, 2024-Ohio-2765, ¶ 25, 33 (12th Dist.) (citations omitted).

## B. Original Sentencing Hearing

{¶ 11}  Wesley first argues that, at his original July 14, 2023 sentencing hearing for the felony nonsupport-of-dependents offenses, the trial court failed to mention postrelease control at all and therefore failed to adhere to the postrelease control notice requirements set forth in the revised code.

{¶ 12}  The Ohio Supreme Court has held that a trial court's failure to adhere to the statutory requirements relating to postrelease control notifications at sentencing renders the resulting sentence merely voidable, not void. *State v. Harper*, 2020-Ohio-2913, ¶ 43. "A voidable conviction or sentence may only be challenged on direct appeal, and res judicata bars later attempts to make arguments that could have been raised on direct appeal."[1]  *State v. Gaskins*, 2022-Ohio-3688, ¶ 14 (12th Dist.), citing *State v. Henderson*, 2020-Ohio-4784, ¶ 17, 19. Here, Wesley could have raised his argument about the trial

---

1. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St. 2d 175, 176 (1967).

court's failure to give postrelease control notifications at his original July 14, 2023 sentencing hearing on direct appeal and he failed to do so. As a result, Wesley is barred from doing so now by res judicata. *Gaskins* at ¶ 23.

{¶ 13} Even if res judicata did not apply, Wesley was originally sentenced at the July 14, 2023 sentencing hearing to *community control*, not a prison term. As a result, the trial court was not required to provide Wesley any notification relating to postrelease control at that original sentencing hearing. *See State v. Goldberg*, 2023-Ohio-2633, ¶ 51 (12th Dist.) ("…because the trial court did not impose a prison term, and instead sentenced [the defendant] to community control, the trial court was not required to provide any notification relating to postrelease control at the sentencing hearing").

{¶ 14} For these reasons, Wesley's arguments concerning the trial court's failure to provide postrelease control notifications at his original July 14, 2023 sentencing hearing are without merit.

### C. Community Control Violation Hearing

{¶ 15} Wesley next argues that when the trial court imposed prison sentences for his community control violations at the August 29, 2024 community control violation hearing, it failed to provide mandatory postrelease control notifications. He argues the court failed in two specific ways, which we will address in turn.

### 1. Nine-Month Increments

{¶ 16} First, Wesley argues that the trial court failed to inform him that violations of postrelease control could result in Wesley being returned to prison for up to nine-month increments for each violation. But Wesley failed to cite any statutory authority requiring the trial court to provide such a notification. The state suggests that Wesley's "nine-month

increments" argument may be a reference to R.C. 2943.032(A).[2] That statute provides that "Prior to accepting a guilty plea or a plea of no contest [to a felony charge], the court shall inform the defendant personally" that the parole board must impose postrelease control violation prison terms in increments not exceeding nine months. R.C. 2943.032(A). But an admission to a community control violation is not a "guilty plea or a plea of no contest to an indictment, information, or complaint *that charges a felony*." *Id.* (Emphasis added.) Simply put, a community control violation is not a felony, even when the conduct that resulted in the violation is itself potentially a felony, as may be the case here with Wesley's admission that he failed to pay support as ordered. As a result, R.C. 2943.032(A) did not apply to the August 29, 2024 community control violation hearing. *See State v. McClendon* 2022-Ohio-2830, ¶ 7 (12th Dist.) (rejecting appellant's invitation to extend R.C. 2943.032[A] postrelease control notification requirement to the sentencing context, rather than to the plea context stated in the statute).[3]

{¶ 17} Instead of R.C. 2943.032(A), Wesley's nine-month-increments argument may refer to R.C. 2929.19(B)(2)(f). That statute provides that at the sentencing hearing the trial court must "notify the offender" that if postrelease control is imposed under R.C. 2929.19(B)(2)(e), and the offender violates postrelease control, then "the parole board

---

2. It is not this court's responsibility to fashion arguments for an appellant. App.R. 16(A)(7) provides that an appellant's brief shall contain, "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support to the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 12(A)(2) provides, "[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." Although we are under no obligation to consider Wesley's unsupported arguments, we continue our analysis.

3. Wesley does not argue that an admission to a community control violation that constitutes a felony is effectively the same as pleading guilty to a felony, rendering R.C. 2943.032(A) applicable at community control revocation hearings. But even if he made that argument and even if we were to agree with him, the trial court's failure to make the nine-month-increments notification at the August 29, 2024 community control violation hearing still would not require reversal here because Wesley has not pointed to anything in the record establishing prejudice. *See State v. Bowling*, 2025-Ohio-2272, ¶ 36 (12th Dist.) (appeal not accepted for review, 2025-Ohio-4853).

may impose a prison term, as part of the sentence, of up to one-half of the definite prison term originally imposed upon the offender as the offender's stated prison term or up to one-half of the minimum prison term originally imposed upon the offender as part of the offender's stated non-life felony indefinite prison term." R.C. 2929.19(B)(2)(f). But if Wesley's argument refers to R.C. 2929.19(B)(2)(f), his argument still fails, because R.C. 2929.19(B)(2)(f) does not specifically require the trial court to notify an offender of the "nine-month increment" provision, or even refer to it. In fact, neither R.C. 2967.28 nor 2929.19 mandate such a nine-month increment notification by trial courts at sentencing hearings.[4] We find no merit to Wesley's "nine-month increment" notification argument.

### 2. Ramifications of New Felony

{¶ 18} Second, Wesley argues that at the August 29, 2024 sentencing hearing the trial court failed to explain the ramifications of committing a new felony while on postrelease control. Yet again, Wesley fails to cite any authority in support of his assertion that the trial court was required to make such a notification. The state suggests that Wesley's argument refers to R.C. 2929.141, which addresses the situation where a person commits a felony offense while under postrelease control. The statute provides

---

4. The two statutes we have just discussed—R.C. 2943.032(A) and R.C. 2929.19(B)(2)(f)—both concern notifications about the amount of additional prison time that may be imposed because of a community control violation, yet the first statute refers to nine-month increments, and the second statute does not. This is inconsistent, but the inconsistency is not substantive. The postrelease control statute, R.C. 2967.28, provides the relevant law here. Specifically, R.C. 2967.28(F)(3) provides that upon finding a community control violation, the parole board or court may impose additional prison terms in durations that:

> shall not exceed nine months, and the maximum cumulative prison term for all violations under this division shall not exceed one-half of the definite prison term that was the stated prison term originally imposed on the offender as part of this sentence or, with respect to a stated non-life felony indefinite prison term, one-half of the minimum prison term that was imposed as part of that stated prison term originally imposed on the offender.

R.C. 2967.28(F)(3). For whatever reason, the General Assembly chose to require trial courts to notify felony offenders of the nine-month-increment element of R.C. 2967.28(F)(3) at plea hearings (see R.C. 2943.0329[A]), but did not require trial courts to mention the nine-month-increment element at sentencing hearings (see R.C. 2929.19[B][2][f]).

that "Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control," and, with certain limitations, impose a consecutive prison term for the postrelease control violation. R.C. 2929.141(A)(1). Yet, there is no indication or argument from Wesley that he was on postrelease control during the pendency of this case, and there is nothing in R.C. 2929.14(A)(1) (or, to our knowledge, any other statute) requiring that a defendant be advised of this consequence at the time of a community control violation hearing or sentencing. *See State v. Moxley*, 2012-Ohio-2572, ¶ 38-41 (12th Dist.) (finding that trial court's sentencing hearing notification that a "violation of postrelease control will result in a potential reincarceration or reimprisonment of one-half the sentence I have imposed or one year" was sufficient to satisfy R.C. 2929.19[B], and that additional language regarding the consequences of a postrelease control violation was not necessary), citing *State v. Rodriguez*, 2010–Ohio–5513, ¶ 12 (6th Dist.).

{¶ 19} Wesley's assignment of error is overruled.

### III. Conclusion

{¶ 20} We find that the trial court did not err in failing to provide necessary postrelease control notifications. Wesley has not pointed to any basis for us to reverse his sentence under R.C. 2953.08(G)(2).

{¶ 21} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.

---

## J U D G M E N T   E N T R Y

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Butler County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Matthew R. Byrne, Presiding Judge

/s/ Robin N. Piper, Judge

/s/ Mike Powell, Judge